BUILDERS INSURANCE COMPANY, peticionaria, *v.* TRIBUNAL SUPERIOR DE PONCE, HON. ANTONIO MATTA, JUEZ, demandado; CARLOS ARMSTRONG E HIJOS, SUCESORES, INC., interventora.

*Número:* O-71-100        *Resuelto:* 11 de febrero de 1972

---

*Paniagua, Diez & Figueroa,* abogados de la peticionaria; *Antonio P. Zapater Cajigas,* abogado de la interventora.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La corporación demandante, aquí interventora, Carlos Armstrong e Hijos, Sucrs., Inc., radicó demanda en cobro de fianza (*Payment and Material Bond*) contra la demandada, aquí peticionaria, Builders Insurance Company ante el Tribunal Superior, Sala de Ponce.

La demandada-peticionaria compareció al tribunal para levantar un embargo trabádole en aseguramiento de sentencia, solicitó prórroga para contestar, se opuso a una oposición de la demandante contra la solicitud de prórroga para contestar, radicó un interrogatorio y requerimiento de admisión y contestó un interrogatorio de la demandante. Luego, sin haber aún contestado la demanda, la demandada-peticionaria solicitó el traslado del caso al Tribunal Superior, Sala de San Juan, acompañando un Affidavit de Mérito aduciendo que sus oficinas principales radican en San Juan, Puerto Rico, alegando por consiguiente que corresponde ventilar la acción en

el distrito de su residencia corporativa. (¹) Oídas las partes el Juez Carlos D. Bonaparte ordenó el traslado solicitado a la Sala de San Juan del Tribunal Superior. No conforme la demandante-interventora solicitó en tiempo la reconsideración de la orden de traslado. Dicha reconsideración fue declarada sin lugar 7 días después de ser presentada. Transcurridos 18 días de haber sido declarada sin lugar la moción de reconsideración y sin que se hubiesen trasladado aún los autos a la Sala de San Juan, la demandante-interventora radicó una demanda enmendada junto a la cual acompañó una moción para dejar sin efecto la orden de traslado. Así las cosas la demandada-peticionaria radicó una moción de prórroga para contestar la demanda enmendada y otra titulada "Moción de Traslado a Demanda Enmendada".

Vistas las anteriores mociones, el Juez recurrido Antonio J. Matta, entendiendo que al radicar una demanda enmendada y presentar una moción de traslado con respecto a la misma la demandada-peticionaria renunciaba a todos los derechos que tenía bajo la moción anterior y entendiendo además que los trámites seguidos por la demandada-peticionaria en los inicios del procedimiento constituían una sumisión al tribunal, declaró sin lugar la moción de traslado. Esta determinación del tribunal, de sostenerse, dejaría sin efecto la orden de traslado del caso dictada originalmente por el Juez Bonaparte.

▮ Nos es forzoso concluir, ante los hechos expuestos, que cometió error el juez recurrido. La cuestión del traslado había sido resuelta y habiendo sido sostenida en reconsideración no se solicitó la revisión de la misma. En vista de ello el tribunal debió haber ordenado la incorporación de la demanda enmendada al expediente objeto de traslado. La prórroga para contestar la demanda enmendada unida a la solicitud de traslado de la misma radicada por la demandada-peticionaria no constituyó renuncia de sus derechos ni sumisión a la Sala

---

(¹) Véase Código de Enjuiciamiento Civil, Arts. 78 y 81 (32 L.P.R.A. secs. 404 y 407).

de Ponce. Aun más, la solicitud de la demandante-interventora para dejar sin efecto el traslado ya ordenado, ante un juez distinto al que ya había resuelto la cuestión, equivalía a una nueva moción de reconsideración radicada fuera de término, por lo que el tribunal había perdido jurisdicción para entender en ella. Véanse, Regla 47 de las de Procedimiento Civil de Puerto Rico; *Barreto v. Sherris Caribbean, Inc.*, 92 D.P.R. 859 (1965); *El Mundo, Inc. v. Tribunal Superior*, 92 D.P.R. 791 (1965); *López Rivera v. Autoridad Fuentes Fluviales*, 89 D.P.R. 414 (1963).

Si bien es cierto que los tribunales retienen la facultad para corregir sus providencias y órdenes con el fin de ajustarlas a la ley, para ello es necesario que se sigan los canales procesales adecuados. Véanse, Código de Enjuiciamiento Civil de Puerto Rico, Art. 7, inciso 8 (32 L.P.R.A. sec. 44); *El Mundo, Inc. v. Tribunal Superior*, supra; *Rodríguez v. Sánchez*, 48 D.P.R. 236 (1935); *Maxwell v. Perkins*, 255 P.2d 10; *Davis v. Campbell*, 319 S.W.2d 758.

Aun considerando la moción de la demandante-interventora como una bajo la Regla 49.2 de Procedimiento Civil la misma es improcedente ya que no se aduce ninguna de las razones que allí se enumeran. Ya hemos resuelto que no procede la moción bajo esta regla para corregir errores de derecho del tribunal ni como remedio sustituto para el recurso de revisión provisto por ley. *E.L.A. v. Tribunal Superior*, 86 D.P.R. 692 (1962); *Banco Popular v. Tribunal Superior*, 82 D.P.R. 242 (1961).

Aunque, dada la conclusión a que hemos llegado, no es necesario entrar en la determinación de si las diligencias realizadas por la peticionaria ante el tribunal de instancia constituyen una sumisión a su jurisdicción, es conveniente señalar que independientemente de ello faltó la anuencia del juez[2] que junto al convenio de las partes es requisito indis-

---

[2] El consentimiento del juez había sido negado por el Juez Bonaparte al entender originalmente en la cuestión.

pensable de la Regla 3 de Procedimiento Civil (32 L.P.R.A. Ap. II, R. 3) para celebrar la vista de un caso en una sección o sala sin competencia para entender en el mismo. Véanse, *Colón* v. *Tribunal Superior*, 97 D.P.R. 106, 122 (1969); *Cooperativa de Cafeteros de P.R.* v. *Colón*, 76 D.P.R. 473 (1954). A tales efectos debe recordarse lo que dijimos en el caso de *Colón* v. *Tribunal Superior*, ante:

"Radicada una causa o recurso en una Sala del Tribunal de Primera Instancia que no es la señalada por ley con competencia para conocer del asunto, como regla general el juez que la preside debe dar traslado de la misma a la sala correspondiente, a menos que existan circunstancias extraordinarias que requieran apartarse de esta norma, y justifiquen que el juez dé su anuencia para seguir con la causa. De lo contrario, tendríamos la unificación de los tribunales para fines de jurisdicción, pero no tendríamos la más ordenada organización para fines de funcionamiento. Ello podría redundar en una menos eficiente administración de justicia."

Por los motivos que anteceden *se dejará sin efecto la resolución dictada por el tribunal de instancia en este caso, el 4 de marzo de 1971 y se ordenará que se traslade el expediente del caso al Tribunal Superior, Sala de San Juan, para que una vez allí se continúen los procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.