# 95 DTA 137

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

BRICE RODRIGUEZ, ET. AL.,
Demandantes-Recurrentes

v.

ESTADO LIBRE ASOCIADO DE P.R.
Demandados-Recurridos

Núm. KLCE-95-00052

San Juan, Puerto Rico, a 19 de mayo de 1995

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces González Román y Aponte Jiménez

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Los demandantes-recurrentes recurren de la Resolución dictada por el Tribunal Superior, Sala de San Juan, el 20 de enero de 1995 y archivada en autos copia de su notificación el 27 de enero siguiente, mediante la cual se declaró No Ha Lugar a la solicitud de Relevo de Sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III, R. 49.2. Conjuntamente presentaron una moción solicitando se le permitiera presentar el recurso con páginas en exceso del límite reglamentario, lo cual autorizamos. El 10 de marzo de 1995 el codemandado-recurrido, Max Pérez Preston, se opuso a este recurso, quedando el mismo sometido. Por los fundamentos que exponemos a continuación, procede denegar el auto. Veamos.

### I

Se trata de una demanda de daños y perjuicios por violación de derechos civiles la cual fue desestimada por entender el tribunal de instancia que la acción estaba prescrita, determinación que fue sostenida por el Tribunal Supremo. Los recurrentes presentaron esta Petición de *Certiorari*, imputándole los siguientes dos errores al tribunal de instancia: primero que erró al no relevarlos de la sentencia dictada el 14 de julio de 1994, mediante la cual se desestimó la causa de acción; y segundo, al determinar que su causa de acción había prescrito. Resolvemos que el tribunal de instancia no cometió los errores imputados.

Consideramos imprescindible hacer una relación detallada de los trámites procesales que anteceden a su radicación.

### II

El 23 de agosto de 1994, los recurrentes, Sr. Erich Rodríguez y la Sra. Lydia García Gautier, presentaron Petición de Revisión ante el Tribunal Supremo, solicitando la revisión de la sentencia emitida por el Tribunal Superior, Sala de San Juan, el día 14 de julio de 1994, que desestimó su demanda en daños y perjuicios por el fundamento de que la causa de acción estaba prescrita.

Mediante Resolución de 4 de noviembre de 1994 el Tribunal Supremo declaró NO HA LUGAR dicho recurso, *"por craso incumplimiento con el Reglamento del Tribunal"*, consistente en que:

El peticionario no incluyó en el apéndice copia de la demanda ni de la demanda enmendada y tampoco de las mociones en oposición a los escritos sometidos por los demandados.

Trece días después, el 17 de noviembre de 1994, los recurrentes solicitaron la reconsideración de dicha resolución. El 9 de diciembre siguiente, el Tribunal Supremo declaró NO HA LUGAR la Moción de Reconsideración. Cinco días después, el 14 de diciembre de 1994, los recurrentes presentaron una segunda Moción de Reconsideración.

Estando sometida dicha moción de reconsideración, los recurrentes presentaron el 10 de enero de 1995 una Moción al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, ante el Tribunal Superior, Sala de San Juan. En dicha moción solicitaron el relevo de la sentencia emitida el 14 de julio de 1994.

También presentaron ese mismo día una moción informativa ante el Tribunal Supremo, solicitando que se *"entretenga la consideración de la Segunda Reconsideración presentada en autos hasta que el Tribunal Superior, Sala de San Juan, considere y resuelva la solicitud de relevo de la sentencia recurrida"*. El co-demandado Max Pérez Preston, uno de los aquí recurridos, se opuso en moción fechada el 31 de enero de 1995.

El 20 de enero de 1995, dicho Tribunal Superior dictó Resolución declarando NO HA LUGAR a la Moción Solicitando Relevo de Sentencia y el 27 de enero de 1995, el Tribunal Supremo declaró NO HA LUGAR a la Segunda Reconsideración con un ATENGASE a lo resuelto. En esa misma resolución el Tribunal Supremo dispuso *"A la moción informativa, nada que proveer",* refiriéndose a la antes mencionada moción presentada por los recurrentes el 10 de enero de 1995.

De la resolución del tribunal de instancia, el 27 de febrero de 1995, los recurrentes presentaron ante nos el recurso de epígrafe, en el cual solicitan que se deje sin efecto la resolución emitida el 20 de enero de 1995, por el tribunal de instancia.

### III
La Regla 49.2, *supra*, dispone en su último párrafo que:

*"Mientras esté pendiente una apelación o revisión de una sentencia, el tribunal apelado no podrá conceder ningún remedio bajo esta regla 49.2, a menos que sea con el permiso del tribunal de apelación. **Una vez que el tribunal de apelación dicte sentencia**, no podrá concederse ningún remedio bajo esta Regla 49.2 que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. **En ambos casos,** la moción de relevo deberá siempre presentarse ante **el tribunal apelado** dentro del término antes señalado, y **si éste determina que estaría dispuesto a conceder el remedio,** se acudirá entonces ante el tribunal de apelación en solicitud del referido **permiso."** (énfasis suplido).*

De esta Regla surge claramente que cuando está pendiente una apelación o revisión de una sentencia un tribunal de instancia no puede entender en una moción presentada oportunamente bajo la Regla 49.2, *supra*, excepto con permiso del tribunal de apelación y siempre que haya mediado una determinación del tribunal de instancia de *"...que estaría dispuesto a conceder el remedio"*. Tampoco puede conceder remedio alguno inconsistente con el mandato después que el tribunal de apelación haya dictado sentencia.

A esos efectos en *Martínez v. Tribunal Superior,* 83 D.P.R. 358, 368 se dispuso que:

*"La Regla 60 (b) federal no contiene una disposición semejante en términos expresos. Nuestro Comité Consultivo tampoco la incluyó en el proyecto de la regla que sometió en 1954. Sin embargo, la disposición antes transcrita no hace sino codificar en el cuerpo mismo de la Regla 49.2 bajo el principio general de que apelado un caso el tribunal de instancia pierde su jurisdicción sobre el fallo en sí, la doctrina vigente en la jurisdicción federal en el sentido de que pendiente la apelación en la corte sentenciadora carece de facultad para conceder un remedio bajo esta regla sin permiso del tribunal de apelación, y la doctrina igualmente vigente de que resuelta la apelación el tribunal de instancia carece de facultad para conceder un remedio bajo esta regla incompatible con el mandato, sin tal permiso."*

Así, cuando se presenta ante un tribunal de instancia una Moción de Relevo de Sentencia bajo esta Regla 49.2, estando pendiente ante un tribunal de apelación un recurso relacionado con lo resuelto sin la previa autorización de ese tribunal de apelación, aquél está impedido de entender en dicha moción. Cuevas Segarra, José; *Práctica Procesal Puertorriqueña, Procedimiento Civil,* Vol II, **Publicaciones J.T.S.** (1986) Pág. 274.

En este caso los recurrentes no solicitaron al tribunal de instancia que indicara su disponibilidad para conceder el remedio, de manera que no podían acudir a solicitar tal permiso ante el tribunal de apelación. De un examen del escrito presentado por 106 recurrentes al Tribunal Supremo, el mismo día que presentaron la moción bajo la Regla 49.2, *supra*, no se desprende que estuvieron solicitando permiso alguno.

No obstante, Si consideramos que en dicha Moción Informativa efectivamente se pidió ese permiso, el mismo obviamente fue denegado, ya que concederlo era inconsistente con el mandato dado por el Tribunal Supremo al decretar No Ha Lugar a la Segunda Moción de Reconsideración y disponer *"nada que proveer"* a la Moción Informativa.

Así, el tribunal de instancia nunca tuvo la facultad para considerar la moción de relevo, ya que no existía el permiso del Tribunal Supremo para que tal moción fuera atendida.

Toda vez que posteriormente los recurrentes no volvieron a solicitar permiso alguno al Tribunal Supremo, el tribunal de instancia carecía de jurisdicción para entender en la moción bajo la Regla 49.2, *supra*, y conceder el relevo de sentencia solicitado el 10 de diciembre de 1994.

Por ello la resolución denegando tal solicitud del tribunal de instancia, de la cual se recurre, estuvo correcta.

**IV**

Aún cuando entendemos no es necesario, hemos creido prudente discutir brevemente lo planteado por los recurrentes al sostener que procede el relevo de la sentencia emitida por el tribunal de instancia a la luz de los incisos 1, 5 y 6 de la Regla 49.2 de las de Procedimiento Civil, por entender que tampoco les asiste la razón. Veamos cada inciso.

## (a) PRIMER INCISO

El primer inciso establece que *"...se podrá relevar a una parte o su representante legal de una sentencia, orden o procedimiento por... (1) [e]rror, inadvertencia, sorpresa o negligencia excusable."* El error que concede el relevo de la sentencia tiene que ser uno cometido por la parte, y no cometido por un tribunal, ya que éste último no es causa para el relevo de una sentencia u orden. A esos efectos en *Builders Ins. Co. v. Tribunal Superior,* 100 D.P.R. 401, 404 (1972), se señaló que:

*Ya hemos resuelto que no procede una moción bajo esta regla para corregir errores de derecho del tribunal ni como remedio sustituto para el recurso de revisión provisto por ley.*

De otro lado, bajo la Regla 49.2, *supra*, *"no es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia se debió a error, inadvertencia, sorpresa o negligencia excusable. Hay que indicar los hechos que constituyen la justificación de la omisión".* Díaz v. Tribunal Superior, 93 D.P.R. 79, 89 (1966).

En el caso ante nuestra consideración, los recurrentes en su Moción de Relevo de Sentencia sostienen que cometieron error al presentar un recurso ante el Tribunal Supremo, imputable advertencia o negligencia excusable de sus abogados sin dar explicación alguna a qué se debió el mismo■ Tampoco en su recurso de *Certiorari* incluyen explicación alguna de ello, circunscribiéndose a repetir lo expresado en la moción de relevo de sentencia. Por consiguiente, al no cumplir con la norma de indicar los hechos constitutivos del error, inadvertencia o negligencia excusable, el tribunal de instancia no hubiera podido considerar la moción bajo este inciso.

## (b) QUINTO INCISO

El quinto inciso de la Regla 49.2 se divide en tres fundamentos bajo los cuales se puede conceder remedio, siendo el primero de ellos que *"[l]a sentencia ha sido satisfecha, renunciada o se ha cumplido con ella".* Este fundamento no necesita explicación ni aplica a la situación del caso de autos.

La segúnda razón por la cual se puede solicitar el relevo bajo este inciso es que *"[l]a sentencia anterior en la cual se fundaba ha sido revocada o de otro modo dejada sin efecto"*. Este fundamento se utiliza cuando la sentencia de la cual se solicita el relevo se basó en una sentencia anterior y ambas son apeladas ante el mismo tribunal. Si el primer caso resuelto es revocado y el caso en el cual se pide el relevo no lo es, procede presentar la moción para que se deje sin efecto la sentencia ya que el caso anterior, que planteaba idéntico asunto, ha sido revocado o dejado sin efecto.■■

Los recurrentes alegan que la sentencia dictada en el caso de marras se fundamentó en la interpretación de jurisprudencia que ha sido revocada o dejada sin efecto. A la página 11 del escrito de Petición de *Certiorari* indican que:

*"[S]e reclama que la **Sentencia** dictada en autos --en cuanto a la causa de acción instada en autos por violación a la Ley de Derechos Civiles-- se funda en la interpretación de pronunciamientos o normas jurisprudenciales que han sido revocados o de otro modo dejados sin efecto por la decisión del Tribunal Supremo de los Estados Unidos emitida en Heck v. Humphrey, et al, 114 S.Ct. 2364...",* Decided June 24, 1994. Regla 49.2(5) de Procedimiento Civil.

Como puede verse la segúnda razón dispuesta en el quinto inciso, *supra*, no está diseñada para situaciones como la de autos, ya que no puede ser utilizada para dejar sin efecto una sentencia por haber jurisprudencia posterior que revoca o deja sin efecto la que sirvió de base a la sentencia atacada. De ello no ser así, se estaría dando la oportunidad a las partes para litigar un pleito indefinidamente.■

El tercer fundamento expuesto en dicho inciso establece que *"no sería equitativo que la sentencia continuara en vigor"*, el cual se utiliza cuando la ejecución de la sentencia es continua, como es el caso del *injunction*. Así, se podrá conceder el relevo de la sentencia cuando las condiciones bajo las cuales se dictó la misma han cambiado y por ello resulta injusto que la sentencia continúe en vigor.

En ese sentido Moore señala que:

*"The third ground of clause (5), then, does not allow relitigation of matter adjudged by the original judgment; it authorizes relief from the prospective features of the judgment when it is no longer equitable that the judgment have such prospective application."* Moore's, *Federal Practice,* Second Edition, Vol. 7, Pág. 258, Mathew Bender (1987).

Obviamente éste no es tampoco el caso ante nuestra consideración.

### (c) SEXTO INCISO

El sexto inciso de la Regla 49.2, *supra*, establece que se podrá conceder el relevo por *"[c]ualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia"*.

El inciso seis (6) de esta Regla permite que se solicite el relevo de la sentencia por cualquier otra razón que justifique la concesión de un remedio. *"Se trata de un poder residual que permite al tribunal dispensar justicia. Pero tampoco es llave maestra para reabrir procedimientos o dejar sin efecto lo actuado."* Cuevas Segarra, José; *supra*, pág. 273.■ La Regla 60 de las de Procedimiento Civil Federal, 28 R. 60, similar a la nuestra en este aspecto, se ha interpretado de la misma manera. Moore's, *Federal Practice,* Second Edition, Vol. 7, pág. 269-270, Mathew Bender (1987).

Bajo este inciso es necesario que el promovente de la solicitud de relevo haya sido diligente en la tramitación del caso. *Neptune Packing Corp. v. Wackenhut Corp.,* 120 D.P.R. 283 (1988). Por ello este inciso (6) no puede sustituir el recurso de revisión. La Regla 49, *supra,* no concede remedio alguno contra una sentencia u orden errónea de un tribunal y por consiguiente no es un sustituto del recurso de apelación, revisión o *certiorari.*

No habiendo los recurrentes perfeccionado su recurso de revisión ante el Tribunal Supremo debido precisamente a su falta de diligencia, están impedidos de recurrir, no tan sólo a este inciso, sino a la Regla 49.2, *supra*■

# V

Respecto al segundo señalamiento de error, que versa sobre la prescripción de la causa de acción, y en atención a lo anteriormente consignado, es improcedente entrar a considerarlo. Al concluir que no procede el relevo de sentencia, la controversia sobre la prescripción resultaría académica. Pero aún así, de haberse cometido el primer error, contrario a lo antes expuesto, estaríamos impedidos de considerar ese segundo señalamiento ya que el mismo fue objeto de una sentencia que advino final y firme luego del dictamen en revisión del Tribunal Supremo y por consiguiente aplicaría el principio de la ley del caso, *Srio. del Trabajo v. Tribunal Superior,* 95 D.P.R. 336 (1967) y la doctrina de cosa juzgada, *Figueroa v. Banco de San Juan,* 108 D.P.R. 680 (1979■

Por los fundamentos antes expuestos, se deniega el auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 137

**1.** A esos efectos expresaron en dicha *"Moción Informativa"* que:

*"Interesa la parte demandante recurrente, de estimarlo prudente este Alto Foro, que se entretenga la consideración de nuestra Segunda Reconsideración, presentada en autos, hasta tanto el Tribunal Superior, Sala de San Juan, tenga la oportunidad de considerar y resolver la solicitud de relevo de la sentencia recurrida. Esta parte se compromete a mantener informado a este Foro del trámite seguido por el tribunal de instancia.*

*Del recurso de certiorari y los documentos incluidos en 9U apéndice no surge que el peticionario informara al Tribunal Supremo los trámites posteriores seguidos, según quedó en dicha moción informativa."*

**2.** A las páginas 10-11 de la Moción de Relevo de Sentencia los peticionarios alegan:

*"[S]ostenemos que **la presentación del escrito de revisión de la** <u>Sentencia</u> **dictada en autos con exclusión de ciertos documentos requeridos por el Tribunal Supremo de Puerto Rico y el reglamento aplicable se produjo por error, inadvertencia y negligencia excusable de los abogados suscribientes.** Regla 49.2 (1) de Procedimiento Civil. Tal error, inadvertencia o negligencia excusable de los abogados no debe imputarse a la parte demandante, por lo cual **se solicita el relevo de la sentencia dictada en autos a tenor con la argumentación del segundo señalamiento de error."* (énfasis suplido).

**3.** *"Where a jugdment is based upon a prior judgment, and the two judgments are appealed to and pending before the same court, then it is clearly proper for the appellate court to consolidate the two appeals and harmonize their results. If the judgment in the first case is reversed and the bases for the judgment in the second case is thus removed, then the appellate court should also reverse the second judgment."* Moore's, *Federal Practice,* Second Edition, Vol. 7. pág. 246, Mathew Bender (1987).

**4.** *"[A]uthorizes relief from a judgment on the ground that a prior judgment upon which it is base has been reversed or otherwise vacated, it does not authorize relief from judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding."* Moore's, Federal Practice, Second Edition, Vol. 7, pág. 248, Mathew Bender (1987).

**5.** Las circunstancias y hechos del caso de autos son distintos a aquellos considerados en *Sucn. Bravo v. Srio de Hacienda,* 106 D.P.R. 672 (1978).

**6.** Sería absurdo pensar que un tribunal de menor categoría tiene facultad para revocar una sentencia emitida por un tribunal de superior jerarquía, en este caso el Tribunal Supremo.

**7.** Vale la pena señalar que a las sentencias dictadas por un tribunal de instancia le favorece una presunción de validez y corrección. *Cortés Piñero v. Sucn. A. Cortés,* 83 D.P.R. 685 (1961); *Pueblo v. Rodríguez Aponte,* 116 D.P.R. 653 (1985) y que el dejar sin efecto una sentencia es discrecional de un tribunal de instancia, con la cual no intervendrá un tribunal de apelación a menos que se demuestre que el tribunal inferior se excedió cometiendo un craso abuso de discreción. *Southern Construction, Inc. v. Tribunal Superior,* 87 D.P.R. 903 (1963). Se ha resuelto, además, que al ejercer esa discreción debe tenerse presente el conseguir un balance justo entre el interés de que los pleitos se vean y resuelvan en sus méritos y el interés en no permitir demoras innecesarias en el trámite judicial para evitar congestión en los calendarios y todas las controversias y gastos que ello genera a las partes. *Fine Art Wallpaper v. Wolf,* 102 D.P.R. 451 (1974). (Véase, además, *Lluch v. España Service Sta.* 117 D.P.R. 729 (1986).