# 98 DTA 159

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
## PANEL I

WANDA JUSTINIANO LIBRAN
Peticionaria

v.

HOSPITAL GENERAL MENONITA
Recurrido

Núm. KLCE-98-00292

San Juan, Puerto Rico, a 17 de abril de 1998

Panel integrado por su Presidente, Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Pesante Martínez

Colón Birriel, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

### I

Se recurre, mediante el presente recurso de *certiorari*, de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, denegando una *"Moción al Amparo de la Regla 49.2 de Procedimiento Civil"*, presentada por la peticionaria Wanda Justiniano Librán ante dicho foro el 13 de febrero de 1998, para dejar sin efecto la sentencia que éste emitiera el 15 de octubre de 1997. Denegamos por varios fundamentos. Veamos.

### II

La Regla 34 (E) de nuestro Reglamento dispone todo lo que debe contener la solicitud de *certiorari*.

El apartado A regula lo relacionado al epígrafe. Dicho apartado se lee como sigue:

*"A Epígrafe*

*El epígrafe de la solicitud de certiorari contendrá el nombre de las partes en el orden que aparecían en el Tribunal de Primera Instancia y se les identificará como parte peticionaria y parte recurrida."*

De entrada señalamos que la peticionaria incumplió con el requisito de identificar en el epígrafe las partes en el recurso. De un examen al epígrafe se desprende que dicha peticionaria fue identificada como parte demandante y la recurrida Hospital General Menonita como parte demandada, como aparecían identificadas en el foro de instancia.

Por otro lado, el apartado E de la Regla 34, *supra*, trata sobre el contenido del apéndice. Dicha regla se lee como sigue:

*"E Apéndice*

*(1) La solicitud incluirá un apéndice que contendrá una copia literal de: (a) Las alegaciones de las partes, a saber:*

*(1) en casos civiles: la demanda principal, la de coparte o de tercero(a) y reconvención, con sus respectivas contestaciones;*

*(2) en casos criminales: la denuncia y la acusación, si la hubiere.*

*(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión, si la hubiere.*

*(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari y la notificación del archivo en autos de copia de la resolución u orden.*

*(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.*

*(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Circuito de Apelaciones a los fines de resolver la controversia.*

*(2) El apéndice sólo contendrá, copias de documentos que formen parte del expediente original del Tribunal de Primera Instancia. Cuando la parte peticionaria plantee como error la exclusión indebida de alguna prueba, incluirá en un apéndice separado copia de la prueba ofrecida y no admitida.*

*(3) Todas las páginas del apéndice se numerarán consecutivamente. Los documentos se organizarán en orden cronológico. Además, el apéndice contendrá un índice que indicará la página en que aparece cada documento."*

De un examen al recurso notamos que la peticionaria no incluyó en el apéndice, según lo requiere la referida Regla 34:

*"(1) copia de las alegaciones de las partes, es decir, la demanda y su contestación;*

*(2) copia de la notificación del archivo en autos de la Sentencia Sumaria emitida el 15 de octubre de 1997;*

*(3) copia de la oposición a la sentencia sumaria presentada por la recurrida y solicitud de sentencia sumaria a su favor; y,*

*(4) cualquier otro documento que forme parte del expediente original en el tribunal de Primera Instancia y que pueda ser útil a este Tribunal a los fines de resolver la controversia."*

Tales omisiones constituyen un incumplimiento craso con el Reglamento de este Tribunal que nos impediría evaluar responsablemente el recurso presentado por la peticionaria.

Reiteradamente ha resuelto nuestro Tribunal Supremo que al radicar un recurso el abogado debe cumplir con las disposiciones del Reglamento para así poner en condiciones al foro apelativo de considerar los méritos del recurso interpuesto, *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987); *In re: Reglamento del Tribunal Supremo,* 116 D.P.R. 670 (1985); *Mfrs. H. Leasing v. Carib Tubular Corp.,* 115 D.P.R. 428 (1984); *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122 (1975); *Maldonado v. Pichardo,* 104 D.P.R. 778 (1976). De no hacerlo, el foro apelativo no considerará los méritos del mismo. Nuestro reglamento tiene ya casi dos años de vigencia y nuestro Tribunal Supremo ha expresado que no es razonable el excusar a los abogados por su desconocimiento. *Arriaga Rivera v. Fondo del Seguro del Estado,* Op. del 18 de marzo de 1998, ___ D.P.R. ___ (1998), **98 J.T.S. 28.**

Finalmente, entendemos que la moción de relevo de sentencia tampoco era meritoria. Nuestro Tribunal Supremo ha establecido que no se puede utilizar una moción de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, con el fin de sustituir el procedimiento de revisión o como un remedio adicional luego de vencido el término para instar el mismo. *Figueroa v. Banco de la Vivienda,* 108 D.P.R. 680, 688 (1979); *Rodríguez v. Tribunal Superior,* 102 D.P.R. 290, 294 (1974); *Builders Ins. Inc. v. Tribunal Superior,* 100 D.P.R. 401, 404 (1972). De así permitirse, se estaría extendiendo indirectamente el término de revisión en menoscabo de la estabilidad y certeza de los procedimientos judiciales y de las partes envueltas. *Olmeda Nazario v. Sueiro Jiménez,* 123 D.P.R. 294, 300 (1989). En caso de autos los planteamientos de la parte peticionaria debieron haber sido oportunamente formulados mediante recurso de apelación de la sentencia del Tribunal de Primera Instancia.

Considerando la oposición a la expedición del recurso presentado por la representación legal de la recurrida, los fundamentos que anteceden y que el mismo es uno patentemente frívolo, denegamos su expedición

Por último, le imponemos a la representación legal de la peticionaria Lcdo. Eladio Malavé Núñez una sanción económica de doscientos dólares ($200.00) a favor del Estado, la que será satisfecha en la Secretaría de este Tribunal en sellos de rentas internas, una vez la sentencia advenga final y firme.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General