# 2000 DTA 104

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**

MISION DE DIOS, INC.
Apelantes

v.

PEDRO JUAN ROMAN RODRIGUEZ ETC.
Apelados

Núm. KLAN-99-00748

San Juan, Puerto Rico, a 29 de febrero de 2000

Pariel integrado por su Presidente, el Juez Gierbolini,
la Juez Hernández Torres y el Juez Cordero

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Misión de Dios Inc., representada por su presidente, el Sr. José M. Rivera y el Sr. Silverio Mojica Elías (los peticionarios), comparecen ante nuestra consideración mediante apelación y solicitan la revisión de la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 1 de febrero de 1999, notificada y archivada en autos el 17 de febrero de 1999.

Mediante la misma, el tribunal de instancia desestimó la demanda presentada por los peticionarios al amparo de la Regla 39.2 (b) de Procedimiento Civil, 32 L.P.R.A. Apéndice III, Regla 39.2. De la referida sentencia, los peticionarios presentaron una Solicitud de Relevo de Sentencia al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Apéndice III, Regla 49.2, el 17 de mayo de 1999. El 1 de junio de 1999, el tribunal actuó sobre la misma declarándola No Ha Lugar por no cumplir con los requisitos de la mencionada regla. De dicha determinación acuden los peticionarios ante nosotros. Por lo tanto, ACOGEMOS este escrito como una Petición de *Certiorari* por tratar el mismo de una solicitud de revisión a una Resolución del Tribunal de Primera Instancia.

Por los fundamentos que expresaremos a continuación, procedemos a EXPEDIR el auto solicitado y CONFIRMAR la Resolución recurrida.

## I

Misión de Dios, Inc. (en adelante la Corporación) es una organización de carácter religioso incorporada en el Departamento de Estado de Puerto Rico. Acorde con los propósitos de la misma, los miembros del Concilio de la Misión en Cristo, Inc. (en adelante el Concilio), el cual es un brazo administrativo de la corporación, establecieron distintas comunidades religiosas sujetas a la autoridad de la Corporación. En el Barrio Guarisco de Dorado fue fundado aproximadamente hace 20 años, un templo bajo el nombre de Segunda Misión en Cristo, el cual figura como un componente de la corporación original y a tales fines tuvo su desarrollo bajo su certificado de incorporación.

El co-demandado, Sr. Pedro Juan Román Rodríguez (Román), suscribió juramento como pastor del templo de Guarisco el 26 de marzo de 1990. Los peticionarios alegan que Román cometió varios actos de indisciplina en calidad de pastor. Luego de varias oportunidades para corregir su comportamiento, el 18 de marzo de 1997 la corporación despidió, mediante carta, a Román. También le exigió la entrega de la propiedad inmueble, además de las pertenencias y documentos del Concilio que estaban bajo su poder y control.

Mediante carta fechada del 4 de abril de 1997, Román informó su negativa a entregar los documentos y pertenencias en su poder bajo el fundamento que los mismos pertenecían a la Iglesia de la Comunidad de Guarisco. Además, que todo vínculo existente entre él y la Corporación había quedado roto, no reconociendo autoridad alguna a los peticionarios para decidir sobre los asuntos internos de su iglesia.

El 28 de mayo de 1997, la Corporación demandó a Román y a los miembros de la Junta de Directores de la iglesia de Guarisco. Mediante la misma, solicitaron al tribunal una orden interdictal provisional para que le fueran devueltos los documentos alegadamente pertenecientes a la Corporación, así como dinero, la escritura del templo, una orden prohibiendo cambiar el rótulo de la fachada del templo y que le fuera prohibido a Román seguir actuando como pastor.

El 9 de junio de 1997, el tribunal señaló la celebración de una Conferencia con Antelación al Juicio y vista evidenciaria la cual fue celebrada el 17 de junio de 1997. En ella, Román solicitó tiempo adicional para comparecer ya que, no contaba con representación legal.

La demanda fue finalmente contestada el 4 de agosto de 1997. Román alegó, entre otras cosas, que su despido como pastor había sido injustificado y que la demanda no aducía hechos que conllevaran a la concesión de un remedio. El 3 de agosto de 1997, el tribunal ordenó a las partes celebrar una reunión para intercambiar prueba documental y que hicieran una relación de la misma presentando un informe de los hallazgos al tribunal. La próxima vista fue señalada para el 22 de diciembre. La parte demandante solicitó la suspensión de esta última y fue transferida para el 17 de marzo de 1998. En dicha vista las partes manifestaron al tribunal que no habían podido llegar a un acuerdo, el tribunal ordenó la tasación del inmueble en el término de 30 días.

Así las cosas, el 11 de septiembre de 1998, el Tribunal de Primera Instancia notificó a las partes que no habían cumplido con la orden del 17 de marzo de 1998. El 10 de noviembre de 1998, el tribunal de instancia envió nuevamente una orden en la que exigió al demandante a que en el término de 10 días compareciera a mostrar causa por lo cual el caso no debía ser desestimado y archivado bajo la Regla 39.2 de Procedimiento Civil, *supra*. Los peticionarios sostienen en su Petición de *Certiorari* que nunca recibieron dicha orden del tribunal y que el 14 de octubre de 1998, habían presentado una moción en manuscrito en donde expusieron las razones por las cuales habían incumplido con la orden del 17 de marzo de 1998, anejando además, el informe de tasación. Dicha moción no aparece en el expediente del tribunal de instancia.

El 17 de febrero de 1999, el Tribunal de Primera Instancia emitió sentencia desestimando el caso por falta de trámite en los últimos seis meses a tenor con las disposiciones de la Regla 39.2 de Procedimiento Civil, *supra*.

No conforme con tal determinación, los peticionarios presentan en instancia el 17 de mayo de 1999, Moción de Relevo de Sentencia al amparo de la Regla 49.2 de Procedimiento Civil, *supra*. Dicha solicitud fue denegada por el tribunal de instancia bajo el fundamento de que no cumplieron con los requisitos que exige la Regla para relevar a una parte de la sentencia emitida.

No conformes los peticionarios, el 16 de julio de 1999 acuden ante nos señalando la comisión de los siguientes errores: (1) Al no acceder reabrir el caso al amparo de la Regla 49.2, cuando le fueron presentadas circunstancias extraordinarias para su consideración, que constituyen justa causa para la concesión del remedio solicitado; 2) Al no acceder relevar a la parte demandante de la sentencia cuando en la notificación el tribunal emite orden para que ambas partes cumplieran y sólo sanciona a una parte con la medida drástica del cierre y archivo del caso; (3) Al emitir sentencia imponiendo a la parte demandante sanciones al amparo de la Regla 39.2 (b) cuando nunca notificaron a la parte que en el término de 10 días expusiera razones por las cuales no debía ser desestimado el caso.

Sin el beneficio de la comparecencia de los demandados, procedemos a resolver.

**II**

De los errores que plantean los peticionarios entramos a revisar el único que nos compete resolver, si erró el tribunal de instancia al no relevar a los demandantes de la sentencia desestimatoria al amparo de la Regla 49.2 de Procedimiento Civil, *supra*. No entraremos a resolver los errores que pudieron haber sido levantados en un recurso de revisión. *Rodríguez v. Tribunal Superior,* 102 D.P.R. 290, 298 (1974).

La Regla 49.2 de Procedimiento Civil, *supra*, en lo pertinente establece que:

*"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:*

*(1) Error, inadvertencia, sorpresa o negligencia excusable;*

*(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

*(4) Nulidad de la sentencia;*

*(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."*

La Regla 49.2 provee un mecanismo procesal post sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. Nada es más frustrante para el logro de ese propósito que negar a una parte su día en corte. No obstante, esta regla no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente emitida. *Ríos v. Tribunal Superior,* 102 D.P.R. 793, 794 (1974). Las sentencias emitidas por nuestros tribunales tienen a su favor una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés,* 83 D.P.R. 685, 690 (1961); *Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445, 449 (1997).

En *Navedo v. Rivera Sierra,* ___ D.P.R. ___ (1997), **97 J.T.S. 76**, página 1083, el Tribunal Supremo señaló que el advenimiento final y firme de una sentencia emitida por el incumplimiento del demandante con las órdenes

del tribunal al amparo de la Regla 39.2 *supra*, tiene el efecto de una adjudicación en los méritos, a menos que el tribunal en su orden de desetimación lo disponga de otro modo. Para que proceda el relevo de sentencia en estas circunstancias, es indispensable que se presente ante el tribunal una moción que aduzca al menos una de las razones enumeradas en la Regla 49.2: (1) error, inadvertencia, sorpresa, o negligencia excusable; (2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (3) fraude intrínseco o extrínseco, falsa representación u otra conducta impropia de una parte adversa; (4) nulidad de la sentencia; (5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con élla, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; (6) cualquier otra razón que justifique la concesión de un remedio cortra los efectos de una sentencia. (Enfasis nuestro).

Aún más recientemente, el Tribunal Supremo en *Pardo Santos v. Sucn. de Stella Royo,* D.P.R. (1998), **98 J.T. S. 80,** a la página 1213, señaló que cuando un tribunal examina una solicitud de relevo de sentencia, bajo la Regla 49.2 de las de Procedimiento Civil, tiene que considerar criterios para salvaguardar los derechos de las partes envueltas en el litigio. El juez de instancia deberá estar atento a la existencia de una defensa válida que oponer a la reclamación del peticionario, el tiempo que media entre la sentencia y la solicitud relevo, el perjuicio que sufriría la parte contraria si es concedido el relevo de sentencia y el perjuicio que sufriría la parte promovente de no ser concedido el remedio solicitado.

La Regla 49.2 no fue establecida para conceder remedio contra una sentencia u orden errónea de un tribunal, porque la regla se refiere a errores de la parte y no a errores del tribunal. *Banco Popular v. Tribunal Superior,* 82 D.P.R. 242, 249 (1961); *Builders Ins. Co. v. Tribunal Superior,* 100 D.P.R. 401, 404 (1972).

Al examinar una moción de relevo bajo este inciso, el tribunal debe hacer un análisis y balance para determinar si bajo las circunstancias específicas del caso hubo *"error, inadvertencia, sorpresa"*, o cualquier otro argumento señalado por la regla. No es suficiente citar la regla. Hay que indicar los hechos que constituyen la justificación de la moción. No basta lenguaje conclusivo. *Dávila Mundo. v. Hospital San Miguel, Inc.,* 117 D.P.R 807, 818 (1986).

En este caso, los peticionarios, para demostrar al tribunal que había evidencia de trámite durante los últimos seis meses, presentaron copia de una moción a manuscrito que alegadamente habían presentado al tribunal el 14 de octubre de 1998. Dicho escrito no tiene sello o ponche de presentación. Los peticionarios admiten que revisaron en el expediente del Tribunal de Primera Intancia y descubrieron que la misma no había sido anejada al expediente, concluyen que la misma pudo ser perdida a causa de los problemas que confrontaron los tribunales a causa del paso del huracán George. No nos ha presentado prueba suficiente para sostener dicho argumento, por lo que no nos consta que la misma haya sido presentada. Los peticionarios limitan su argumento a utilizar las palabras de la Regla y no ofrecen hechos que justifiquen sus conclusiones, como lo exige la jurisprudencia arriba discutida.

Estamos de acuerdo con el Tribunal de Primera Instancia que no cumplieron con los requisitos que señala la Regla 49.2 para dejar sin efecto la sentencia emitida.

Por los fundamentos antes expuestos, procedemos a EXPEDIR el auto solicitado y CONFIRMAMOS la Resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General