*319 TEXTO COMPLETO DE LA SENTENCIA
Mediante el recurso de epígrafe, interpuesto el 16 de mayo de 2005, el Gobierno Municipal de Culebra (en lo sucesivo, el Municipio) solicitó revisión de la Resolución emitida el 8 de abril de 2005 por el Tribunal de Primera Instancia, Sala Superior de Vieques (TPI), y notificada el 15 de abril de 2005. La Resolución recurrida declaró No Ha Lugar la “Solicitud se Levante la Anotación de Rebeldía; Se Ordene a la Parte Demandante Notificarnos la Demanda Y Otros Extremos” presentada por el Municipio.
Por las razones que expresamos a continuación, se expide el auto solicitado y se revoca la Resolución recurrida.
I
El 19 de agosto de 2003, la secretaria de la Junta de Subastas del Municipio de Culebra notificó mediante carta a R-G General Contractors & Consulting, Inc. (en lo sucesivo, R-G Contractors) la adjudicación de la buena pro de la subasta destinada a la demolición del terminal de pasajeros del Terminal de los Puertos de dicho Municipio. En consecuencia, el 23 de septiembre de 2003, las partes suscribieron un contrato de construcción mediante el cual el contratista se comprometió a demoler el referido Terminal en un término de seis (6) semanas a partir del otorgamiento del contrato. El precio acordado por las partes para la ejecución de dicha obra fue de diecinueve mil novecientos veinticinco dólares ($19,925.00).
No obstante, el Io de octubre de 2003, R-G Contractors notificó al Municipio que no pudo obtener las reservaciones necesarias para movilizar el equipo y los materiales necesarios para el proyecto. Asimismo, el 16 de octubre de 2003, R-G Contractors notificó al Municipio que no fue sino hasta ese día que obtuvo las reservaciones para el transporte del equipo.
En comunicación escrita y fechada 16 de octubre de 2003, R-G Contractors responsabilizó al Municipio por la tardanza porque éste no hizo gestiones con la Autoridad de los Puertos para coordinar las reservaciones solicitadas. Argumentó que la dilación le causó daños y afectó tanto el costo como el cumplimiento con los trabajos acordados con el Municipio. A raíz de dicho retraso, R-G Contractors solicitó una Orden de Cambio ante el Municipio por valor de trece mil setecientos noventa dólares ($13,790.00).
El 4 de noviembre de 2003, la Secretaria de la Junta de Subastas del Municipio le concedió un término a RG Contractors para que sometiera evidencia que justificase la solicitud de la Orden de Cambio. El 5 de noviembre de 2003, R-G Contractors alega que sometió la evidencia solicitada y el 22 de diciembre de 2003 la Secretaria de la Junta de Subastas notificó a R-G Contractors la decisión de autorizar la solicitud de cambio de Orden. Sin embargo, el 8 de marzo de 2004, la Secretaria de la Junta de Subastas notificó a R-G Contractors que el asesor legal del Municipio estaba evaluando los documentos sometidos y la decisión del Municipio. Finalmente, a mediados del mes de marzo de 2004, la Junta de Subastas dejó sin efecto la autorización del cambio de orden.
R-G Contractors se opuso a dicha determinación reiterando sus alegaciones ante la Junta de Subastas. Mediante carta fechada 16 de abril de 2004, el Municipio reiteró su decisión argumentando que: la suma reclamada excedía el 25% de la labor a realizarse, el cambio de orden notificado estaba contemplado en el contrato y el mismo había sido concluido antes del término establecido para su cumplimiento. En la misiva, el Municipio apercibió a R-G Contractors que tenían derecho a solicitar revisión judicial con expresión a los términos correspondientes. Sin embargo, concluyó que debido a que habían sido notificados de la decisión de la Junta de Subastas el 18 de marzo de 2004, el término para solicitar revisión había caducado. Además, el Municipio notificó erróneamente que el foro judicial para apelar su decisión era el Tribunal de Apelaciones.
*320 R-G Contractors acudió ante nos mediante recurso de apelación (KLAN-04-00500). En Sentencia emitida el 20 de septiembre de 2004 resolvimos que el Artículo 15.002 de la Ley Núm. 81 de 30 de agosto de 1991, la Ley de Municipios Autónomos, según enmendada, 21 LPRA §4702, establece que el TPI es el foro con competencia exclusiva para entender, resolver o conocer, a instancias de la parte perjudicada, en acciones de reclamaciones de daños y perjuicios por actos u omisiones de los empleados, ya sea por negligencia, malicia o error excusable. Al tratarse de una controversia suscitada con posterioridad a la adjudicación de la subasta y que no era una impugnación de dicho procedimiento adjudicativo, concluimos que la jurisdicción para entender y resolver la reclamación de R-G Contractors no recaía en nosotros, sino en el TPI. Por lo tanto, desestimamos el recurso presentado por falta de jurisdicción.
Acto seguido, R-G Contractors radicó demanda por daños y perjuicios en contra del Municipio de Culebra ante el TPI. Reclamó trece mil setecientos noventa dólares ($13,790.00) por incumplimiento de contrato, costas, gastos y honorarios de abogado por temeridad. En su demanda, R-G Contractors explicó que radicó, equivocadamente, un escrito de revisión ante el Tribunal Apelativo inducida a error por el propio Municipio. Adujo que la notificación no se hizo de acuerdo a los requisitos del debido proceso de ley, según estableció el Tribunal Supremo de Puerto Rico en el caso IM Winner, Inc. v. Junta de Subastas de Gobierno Municipal de Guayanillay otros, 151 D.P.R. 30 (2000). 
Posterior a la presentación de la Demanda y como resultado de las Elecciones Generales, ocurrió un cambio de administración. Alega el Municipio que el Comité de Transición no comunicó a la entrante Administración Municipal la existencia de la presente causa de acción en su contra. Aduce el Municipio que por esta razón desconocía de la existencia del pleito. El Municipio sostiene que tuvo conocimiento de la causa de acción en su contra al recibir la notificación de la anotación de rebeldía: “Se anota la rebeldía y se señala vista para el Lunes 28 de marzo de 2005, en la Sala 305 del Tribunal de Fajardo”, fechada y notificada el 10 de marzo de 2005.
El 28 de marzo de 2005, el Municipio compareció a la vista ante el TPI y solicitó se levantara la anotación de rebeldía. Argumentó que nunca se le entregó copia del Emplazamiento ni de la Demanda y que tampoco le fue notificada la Solicitud de Anotación de Rebeldía de R-G Contractors. Alegó que se encontraba en estado de indefención al no poseer conocimiento de la Demanda.
En Resolución fechada 8 de abril de 2005 y notificada 15 de abril de 2005, el TPI denegó la petición del Municipio. Inconforme, acude el Municipio ante nos y aduce la comisión de los siguientes errores:

“1. El Tribunal de Primera Instancia al no ordenar el levantamiento de la Rebeldía cuando con ello no causaba perjuicio indebido al Demandante.

2. El Tribunal de Primera Instancia al no ordenar el Levantamiento de la Rebeldía, cuando la presente Administración Municipal compareció inmediatamente al pleito, una vez recibió del propio Tribunal la notificación fechada 10 de marzo de 2005 informando la Anotación de Rebeldía y la fecha del Juicio.

3. El Tribunal de Primera Instancia al continuar con el caso, cuando de los documentos que obran en el expediente del Tribunal, indican que el Demandante no emplazó como corresponde por la Ley de Municipios Autónomos de Puerto Rico, ya que no emplazó al entonces Alcalde, Hon. Iván Romero Peña, sino a una subordinada de éste por lo que el Tribunal carece de jurisdicción. ”

Contando con el beneficio de la demandante-recurrida, R-G Contractors, procedemos a exponer el derecho aplicable.
*321 II
A
La Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.1, establece que cuando una parte contra la cual se solicite una sentencia hubiera dejado de presentar alegaciones o “de defenderse en otra forma según se dispone en estas reglas”, el tribunal podrá ordenar que se le practique anotación de rebeldía. Dicho remedio es operativo tanto para situaciones en las cuales el demandado no cumple con el requisito de comparecer a contestar la demanda y/o a defenderse en forma prescrita por ley, no presentando alegación alguna contra el remedio solicitado; como en las que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía como sanción. Alamo Pérez v. Supermercado Grande, 157 D.P.R. _ (2002), 2002 J.T.S. 124.
La consecuencia de dicha anotación es que se dan por admitidas las alegaciones bien hechas de la demanda. Alamo Pérez v. Supermercado Grande, ante; Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 815 (1977). De igual forma, el concepto “materias bien alegadas” se refiere a que en una rebeldía se considerarán admitidos los hechos correctamente alegados. Alamo Pérez v. Supermercado Grande, ante; Continental Ins. Co. v. Isleta Marina, ante; Rivera v. Insular Wire Products Corp., 140 D.P.R. 912 (1996). Aún en materia de daños y peijuicios es aplicable la norma. Si tales hechos correctamente alegados permiten una conclusión de responsabilidad o negligencia y, además, establecen la relación causal entre la conducta negligente o culposa y el daño sufrido, el tribunal tendrá que darlos como hechos probados. Álamo Pérez v. Supermercado Grande, ante.
Siendo ello así, la rebeldía es el último recurso que debe emplear un tribunal al ejercer su poder dispositivo. Sabido es que la posibilidad del ejercicio de defensas válidas por parte de un demandado en una acción civil es un hecho que los tribunales de instancia deben tomar en consideración antes de llegar a determinaciones que por su naturaleza conllevan consecuencias funestas para esa parte. Román Cruz v. Díaz Rifas, 113 D.P.R. 500 (1982).
Sin embargo, un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante, Continental Ins. Co. v. Isleta Marina, supra, a la pág. 817. La sentencia emitida en rebeldía tiene que conceder el remedio al cual tenga derecho la parte favorecida y no puede ser distinta a lo solicitado ni exceder la cuantía solicitada, Reglas 43.6 y 45.4 de Procedimiento Civil, supra. Si para poder emitir o ejecutar la sentencia es necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto, el tribunal tiene el deber de celebrar aquellas vistas que entienda necesarias, Regla 45.2 (b) de Procedimiento Civil, supra.
El propósito de disposiciones procesales como la Regla 45, supra, no es el conferir ventaja indebida a los demandantes para obtener una sentencia sin primero acreditar tal derecho a través de una vista en los méritos, sino es el establecer una norma procesal en beneficio de la buena administración de la función adjudicativa del tribunal, dirigida a estimular la tramitación de los casos, J.R.T. v. Missy Mfg. Corp., 99 D.P.R. 805, 811 (1971).
Por otra parte, la Regla 45.3 de Procedimiento Civil, supra, faculta al tribunal a dejar sin efecto una anotación de rebeldía o una sentencia emitida en rebeldía, cuando medie justa causa. La norma reiterada en esta jurisdicción es que la Regla 45 de Procedimiento Civil debe ser interpretada liberalmente, de forma que los pleitos ordinarios puedan ser atendidos y resueltos en sus méritos. Cualquier duda debe ser resuelta a favor de dejar sin efecto la anotación de rebeldía o la sentencia en rebeldía, Banco Central Corp. v. Gelabert Alvarez, 131 D.P.R. 1005, 1006-1008 (1992); J.R.T. v. Missy Mfg. Corp., ante. Toda solicitud presentada para levantar la anotación de rebeldía debe ser decidida bajo la sana discreción del tribunal, Román Cruz v. Díaz Rifas, supra, a la pág. 507; J.R.T. v. Missy Mfg. Corp., ante; Díaz v. Tribunal Superior, 93 D.P.R. 79, 87 (1966).
*322 La determinación de lo que constituye justa causa es una que debe llevar a cabo el tribunal caso a caso, dependiendo de la variedad de circunstancias que se aduzcan como justificación para la incomparecencia a contestar la demanda. Wright, Muller & Kane, Federal Practice and Procedure: Civil, 2d §2696, interpretando la Regia 55(c) de Procedimiento Civil Federal, similar a nuestra Regla 45.3, señala:

“Relief from a default entry may be granted under Rule 55(c) for "good cause shown." This requires the moving party to provide an explanation for the default or to give reasons why vacation of the default entry would serve the interests of justice. Any of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set for reasons that would not be enough to open a default judgment. Because a motion under Rule 55(c) is addressed to the trial court's discretion, which is exercised in light of all the circumstances of the individual situation, the decided cases cannot be viewed as binding precedents for other cases; they only provide some general insight into the attitudes of the courts toward motions under the rule.

Relief from a default entry has been granted when the default was due to a mistake by counsel as to the applicable procedural rules or the effect of pre-answer motions on the time within which to answer, the illness of counsel, the client, or an employee; a clerical mistake, confusion, or a misunderstanding by counsel; defendants failure to receive service, or reliance on an ineffective stipulation extending time. ”

Debemos también tener presente que si bien nuestro ordenamiento jurídico favorece que los pleitos sean resueltos en sus méritos, existe un interés legítimo de los litigantes y de la sociedad en general en que los casos sean tramitados dentro de un término razonable, Fine Art Wallpaper v. Wolf 102 D.P.R. 451, 457-458 (1974); Díaz v. Tribunal Superior, supra, a la pág. 87. Por ello, la discreción conferida al tribunal, requiere establecer un balance justo entre el interés de velar y garantizar que los procedimientos judiciales sean ventilados sin demora y el derecho que tiene todo litigante de tener su día en corte, Maldonado v. Srio. Rec. Naturales, 113 D. P.R. 494, 497 (1982).
Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del demandado, Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 291-292 (1988); Román Cruz v. Díaz Rifas, supra, a la pág. 507.
B
Los tribunales pueden adquirir jurisdicción sobre la persona de un demandado (jurisdicción in personam) de dos formas: utilizando adecuadamente los mecanismos procesales del emplazamiento, provistos en las Reglas de Procedimiento Civil, o mediante la sumisión voluntaria de la parte demandada a la jurisdicción del tribunal. Esta sumisión la puede hacer de forma explícita o tácita. Marques Resto v. Barreto Lima, 143 D.P.R. 137, (1997); Sterzinger v. Ramírez, 116 D.P.R. 762, 789(1985); Franco v. Corte, 71 D.P.R. 686, 689-691.
Nuestro Tribunal Supremo ha resuelto que la figura de la sumisión tácita consiste en que una parte demandada, que no ha sido emplazada ni se ha sometido expresamente a la jurisdicción del tribunal, realiza un acto sustancial, verbalmente o por escrito, indicativo de su intención de participar en el pleito sin impugnar la jurisdicción del tribunal. Qume Caribe, Inc. v. Srio. de Hacienda, 153 D.P.R. _ (2001), 2001 J.T.S. 41, 1013; Mercado v. Panthers Military Soc., Inc., 125 D.P.R. 98, 100 (1990); Echervarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 686 (1989); Sterzinger v. Ramírez, supra, a la pág. 789; Franco v. Corte, supra, a la pág. 689. En ese sentido, la parte queda sometida tácitamente a la jurisdicción del tribunal y se constituye en parte en el pleito, lo cual hace innecesario el trámite para emplazar que exigen las Reglas de Procedimiento Civil. Qume Caribe, Inc. v. Srio. de Hacienda, ante; Mercado v. Panther’s Military Soc., Inc., ante; Echevarría Jiménez v. Sucn. Pérez Meri, ante; Franco v. Corte, ante. Asimismo, la Regla 4.8 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.8, indica que “[l]a admisión o renuncia bajo juramento por el demandado o su comparecencia hará *323 innecesaria [laprueba del diligenciamiento del emplazamiento]”.
Cuando un demandado interesa plantear al tribunal la comisión de errores en el emplazamiento, debe presentar una moción bajo la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2. Ese es el recurso que proveen las reglas para que un demandado, aun compareciendo, pueda impugnar los defectos en el emplazamiento. Rafael Hernández Colón, Derecho Procesal Civil, San Juan, Puerto Rico, Michie de Puerto Rico, 1997, pág. 162. Dicho mecanismo debe ser utilizado en la primera oportunidad sin que se presenten otras mociones o alegaciones. De lo contrario, estaríamos ante una renuncia al derecho a ser emplazado según lo disponen las Reglas de Procedimiento Civil. íbid.
Por su parte, el emplazamiento tiene una función de vital importancia en nuestro ordenamiento jurídico, ya que es el mecanismo procesal mediante el cual la parte demandada queda notificada de la acción presentada en su contra. La citación o emplazamiento es el paso inaugural del debido proceso de ley que permite a los tribunales adquirir jurisdicción para adjudicar los derechos del demandado, de forma tal que éste quede obligado por el dictamen final, Acosta v. ABC, Inc., 142 D.P.R. 927, 931 (1997); Lanzó Llanos v. Banco de la Vivienda, 133 D.P.R. 507, 512 (1993). Su propósito es notificar al demandado que una acción judicial fue instada en su contra, de manera que éste tenga oportunidad de comparecer a juicio, ser oído y defenderse, Monell v. Mim. de Carolina, 146 D.P.R. 20, 24 (1998); First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901, 913 (1998); Márquez v. Barreto, 143 D.P.R. 137, 142 (1997). No es hasta el diligenciamiento del emplazamiento que el tribunal adquiere jurisdicción sobre el demandado y éste adviene a ser propiamente parte del litigio, Acosta v. ABC, Inc., supra, a la pág. 931.
La falta de diligenciamiento del emplazamiento o una notificación indebida priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra, Lanzó Llanos v. Banco de la Vivienda, supra, a la pág. 512. Una sentencia emitida sin jurisdicción es radicalmente nula y por lo tanto, inexistente en derecho, Calderón Molina v. Federal Land Bank, 89 D.P.R. 704, 709 (1963). Los tribunales no pueden emitir sentencia contra una persona que no esté sujeta a su jurisdicción, como consecuencia de la disposición constitucional que garantiza que nadie puede ser privado de su vida o propiedad sin el debido proceso de ley. Este requisito constitucional es satisfecho al adquirir jurisdicción sobre la persona mediante la notificación de la demanda.
En nuestra jurisdicción existen dos mecanismos para emplazar a un demandado; el emplazamiento personal, que es el método más apropiado, y el emplazamiento por edictos. Aunque la norma general requiere que el demandado sea emplazado personalmente, por vía de excepción puede emplazársele por edictos, cuando concurren las circunstancias provistas, First Bank of P.R. v. Inmob. Nac. Inc., supra, a las págs. 916-917; Lanzó Llanos v. Banco de la Vivienda, supra, a la pág. 513. Lo esencial es que el método de emplazamiento a utilizar tenga la probabilidad razonable de notificar o informar al demandado sobre la acción establecida en su contra.
III
Previo a la discusión de los errores señalados debemos aclarar que aunque el Artículo 15.002 de la Ley de Municipios Autónomos, supra, expresamente señala que el Tribunal de Primera Instancia entenderá y resolverá con exclusividad “cualquier acto legislativo o administrativo de cualquier funcionario u organismo municipal”, ello no nos priva de nuestra función apelativa de revisar de forma discrecional resoluciones u órdenes dictadas por el TPI, a tenor con lo dispuesto en la Ley Núm. 201 de 22 de agosto de 2003, conocida como Ley de la Judicatura de 2003. Aclarado este punto, pasemos a analizar la controversia de autos.
En su escrito, el Municipio alega que incidió el Tribunal de Primera Instancia al no relevar la anotación de rebeldía. Además, alega falta de jurisdicción porque no se emplazó al entonces Alcalde del Municipio de Culebra, sino a una subordinada de aquél. Por su parte, R-G Contractors sostiene que el emplazamiento fue conforme a derecho porque “el Alcalde delegó y/o designó en la Directora de Finanzas para recibir el emplazamiento” y por lo tanto, no procede que se deje sin efecto la anotación de rebeldía.
*324 La Regla 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.4, gobierna la forma en que se realizará el diligenciamiento del emplazamiento. En lo referente al caso de autos, el inciso (h) dispone al momento de emplazarse una corporación municipal o instrumentalidad del mismo con poder para demandar y ser demandada, se entregará una copia del emplazamiento y de la demanda a su jefe ejecutivo (entiéndase el Alcalde) o a una persona designada por éste. Surge de la declaración jurada del señor Orlando Negrón, quien fue la persona que diligenció el emplazamiento contra el Municipio de Culebra, que dicho emplazamiento fue diligenciado a través de la Directora de Finanzas Municipales, señora Moraima Valentín. Estudiado los autos con detenimiento no hemos encontrado documento, ni surge de la propia declaración jurada del emplazador que la Sra. Valentín fue la persona designada y autorizada por el entonces Alcalde para recibir el emplazamiento en su nombre. La falta de dicha designación denota un emplazamiento inadecuado del Municipio.
Sin embargo, como corolario a la comparecencia del Municipio ante el TPI al contestar la demanda y su posterior conducta procesal, al presentarse a la vista sobre anotación de rebeldía y solicitar mediante moción, el levantamiento de dicha anotación, el TPI adquirió jurisdicción sobre el Municipio. Esto es así, debido a que en ninguna de estas comparecencias el Municipio aclaró que lo hacía sin someterse a la jurisdicción del Tribunal General de Justicia. A tenor con la doctrina aplicable, concluimos que el TPI adquirió jurisdicción sobre el Municipio.
No obstante, el dejar de emplazar al Alcalde o al funcionario designado por éste es una defensa válida para no haber contestado la demanda y comparecido a defenderse. Analizadas las circunstancias del caso, no creemos que las mismas sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del Municipio.
En conclusión, resolvemos que abusó de su discreción el Tribunal de Primera Instancia al denegar la solicitud de levantamiento de la anotación de rebeldía presentada por el Municipio. Nuestra determinación es cónsona con la política pública a favor de que los casos se ventilen en sus méritos. Neptune Packing Corp. v. Wackenhut Corp., ante; Imp. Vilca, Inc. v. Hogares Crea, Inc., 118 D.P.R. 679 (1987).
IV
En vista de las consideraciones anteriores, se expide el auto solicitado y se revoca la Resolución recurrida.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones