Banco Central Corporation, demandante y recurrido, *v.* Miriam Gelabert Álvarez y otros, demandados y peticionarios.

*Número:* CE-92-138    *Resuelto:* 10 de noviembre de 1992

**I**

*Luis A. Medina Torres,* abogado de los peticionarios; *Charles Candelaria Farrulla,* abogado del recurrido.

**I**

El 6 de diciembre de 1989 el señor Fernando Faccio obtuvo un préstamo comercial y suscribió el pagaré correspondiente por la suma de $20,000 a favor del recurrido Banco Central Corporation (en adelante Banco Central). Faccio no pagó el préstamo como debía y el Banco Central instó demanda en cobro de dinero en contra suya, incluyendo como codemandados a la esposa de Faccio, la peticionaria Miriam Gelabert Álvarez y a la sociedad legal de gananciales integrada por ambos. Se alegó específicamente que se incluyó al cónyuge Gelabert, "quien es responsable del pago de dicho préstamo". Nada se alegó con respecto a la sociedad legal de gananciales.

Faccio fue emplazado conforme a derecho el 18 de diciembre de 1990 en la Penitenciaría Estatal de Río Piedras. La peticionaria Gelabert fue emplazada el 7 de febrero de 1991. El 20 de junio de 1991 el demandante obtuvo una orden de embargo en aseguramiento de efectividad de sentencia contra la residencia de la peticionaria. Las partes demandadas no comparecieron, por lo que la parte demandante solicitó la anotación de rebeldía al amparo de la Regla 45.1 de Procedimiento Civil vigente, 32 L.P.R.A. Ap. III. No se incluyó declaración jurada alguna para sustentar la responsabilidad de las partes demandadas, excepto el pagaré firmado solamente por Faccio que se incluyó con la demanda original y el cual tampoco contiene

ningún juramento. El Secretario anotó la rebeldía contra todos los demandados. El tribunal de instancia solicitó proyecto de sentencia mediante Orden de 5 de agosto de 1991. Sin trámite ulterior, dicho tribunal dictó sentencia el 23 de septiembre de 1991 y declaró con lugar la demanda, la cual le fue notificada a la parte peticionaria el 14 de octubre de 1991. El 31 de enero de 1992 la peticionaria pidió que se le relevara de los efectos de dicha sentencia por ser contraria a derecho y la acompañó con la correspondiente declaración jurada. El tribunal a quo declaró "no ha lugar" dicha moción de relevo de sentencia sin la celebración de vista.

La peticionaria acudió a nos oportunamente y formuló, en esencia, los mismos planteamientos que hizo en apoyo de su solicitud de relevo de sentencia, a saber: (1) que el pagaré no fue suscrito por ella; (2) que ni ella ni la sociedad legal de gananciales se beneficiaron con el préstamo que fue procurado para financiar gastos de la Corporación Feria Development; (3) que la demanda no establece reclamación alguna contra la sociedad legal de gananciales, y (4) que el pagaré sometido en evidencia, por sí solo, constituye prueba de referencia no admisible en evidencia.

El 10 de abril de 1992 le concedimos a la parte recurrida un término de treinta (30) días para mostrar causa, si alguna tuviere, por la cual no debíamos dejar sin efecto la sentencia en rebeldía en cuanto a la peticionaria y la sociedad legal de gananciales. La parte recurrida ha contestado nuestro requerimiento y, estando en posición de resolver, procedemos a hacerlo.

## II

Hemos señalado antes que en casos como el de autos, donde se invoca la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para pedir el relevo de una sentencia dictada en rebeldía, es necesario poner en balance el interés en dar por terminados los pleitos con el interés en que

éstos se resuelvan en sus méritos. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 D.P.R. 283 (1988). Aquí la balanza se inclina a favor del ideal que reiteradamente hemos proclamado de que los casos se ventilen en sus méritos. Véanse: *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679 (1987); *Sucn. Bravo v. Srio. de Hacienda*, 106 D.P.R. 672 (1978).

Si bien es cierto que la peticionaria no ha justificado debidamente por qué no compareció a contestar la demanda en su contra, esta falla suya no puede ser determinante frente a las otras circunstancias del caso. La peticionaria tiene defensas contra la demanda en su contra que podrían ser meritorias, y ello es un factor clave que hemos reconocido en otros casos de relevo de sentencia. Véanse: *Fine Art Wallpaper v. Wolff*, 102 D.P.R. 451 (1974); *Neptune Packing v. Wackenhut*, supra. Además, la peticionaria solicitó el relevo de la sentencia mucho antes de los seis (6) meses que provee la Regla 49.2 de Procedimiento Civil, *supra*, para ello. El tiempo que medió entre la notificación de la sentencia y la solicitud de relevo no fue excesivo. Más importante aún, varios aspectos de este caso fueron resueltos procesalmente hablando de un modo un tanto rígido en contra de la peticionaria. La sentencia en rebeldía se dictó sin vista, a pesar de que el tribunal de instancia no tenía prueba fehaciente en autos de la responsabilidad de la peticionaria, y a pesar de que contra la sociedad legal de gananciales ni siquiera había alegaciones en la demanda. Igualmente, a pesar de las contundentes alegaciones que aparecen en la solicitud de relevo de la peticionaria y en su declaración jurada, la moción de relevo también fue adjudicada sin vista.

A la luz de las graves consecuencias que apareja para la peticionaria la ejecución de la sentencia ante nos y de nuestra norma de que las Reglas 45.3 y 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, deben interpretarse *liberalmente* y de que cualquier duda debe resolverse a favor

del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia —*Díaz v. Tribunal Superior*, 93 D.P.R. 79 (1966)— *se revoca la resolución recurrida y se devuelve el caso al tribunal de instancia para que la parte peticionaria tenga su día en corte. Se dicta sentencia que deje sin efecto la sentencia en rebeldía de 23 de septiembre de 1991 en cuanto a la peticionaria Gelabert Álvarez y la sociedad legal de gananciales.*

Lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rebollo López concurrieron con el resultado sin opinión escrita. La Juez Asociada Señora Naveira de Rodón disintió con opinión escrita, a la cual se unió el Juez Asociado Señor Hernández Denton.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión disidente de la Juez Asociado Señora Naveira de Rodón, a la cual se une el Juez Asociado Señor Hernández Denton.

Por entender que el foro de instancia no se equivocó al denegar la solicitud de relevo de sentencia que al amparo de la Regla 49.2 (6) de Procedimiento Civil, 32 L.P.R.A. Ap. III, le hiciera la parte peticionaria, disentimos de la sentencia que hoy suscribe la mayoría de este Tribunal.

Veamos cuáles fueron los hechos en este caso.

El 17 de diciembre de 1990 el Banco Central Corp. (en adelante Banco) presentó demanda en cobro de dinero contra Fernando Faccio Laboy, Miriam Gelabert Álvarez y la sociedad de bienes gananciales compuesta por ambos. Al otro día, el 18 de diciembre, emplazó al codemandado Faccio Laboy, por sí y en representación de la sociedad de bienes gananciales. El 7 de febrero se emplazó a la codeman-

dada Gelabert Álvarez, también por sí y en representación de la sociedad de bienes gananciales.

Aproximadamente cuatro (4) meses más tarde, el 10 de junio, el Banco solicitó el aseguramiento de sentencia ([1]) y la anotación de rebeldía. El 20 de julio el tribunal concedió el aseguramiento de sentencia y el 29 de julio anotó la rebeldía. El 23 de septiembre, siete y medio (7 ½) meses después de haber sido emplazada la codemandada peticionaria Gelabert Álvarez, el tribunal dictó sentencia en rebeldía declarando con lugar la demanda. Ordenó a los demandados pagar solidariamente la cantidad reclamada. La sentencia se notificó el 14 de octubre. Tres y medio (3 1/2) meses más tarde, el 31 de enero de 1992, compareció por primera vez la codemandada Gelabert Álvarez, por sí y en representación de la sociedad de bienes gananciales, y al amparo de la Regla 49.2(6) de Procedimiento Civil, *supra*, solicitó relevo de sentencia. Con la moción mediante la cual solicita relevo de sentencia, presentó una declaración jurada en la cual aseveró que no contrajo obligación alguna con el Banco demandante y que la sociedad de bienes gananciales no se benefició del préstamo objeto de la demanda. El 11 de febrero de 1992 el foro de instancia denegó el relevo. El 14 de febrero se notificó la resolución del tribunal.

No conforme con esta determinación, el 16 de marzo la codemandada Gelabert Álvarez, por sí y en representación de la sociedad de bienes gananciales, presentó petición de *certiorari* en la cual alegó la comisión del error siguiente:

> Erró el tribunal al negarse, en el ejercicio de su sana discreción, relevar a la peticionaria de los efectos de la sentencia del 14 de octubre de 1991, la cual es contraria a derecho, sin siquiera celebrar una vista.

Con relación a la Regla 49.2 de Procedimiento Civil, 32

---

[1] El Banco Central Corp. solicitó el embargo de una propiedad de la sociedad de bienes gananciales.

L.P.R.A. Ap. III, hemos resuelto que ésta debe interpretarse de forma liberal, haciendo un balance de los intereses en conflicto. En *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807, 818 (1986), con relación al relevo de una sentencia dictada en rebeldía, expresamos que "[e]l interés de que los pleitos se vean en los méritos amerita protección, pero no puede, bajo toda circunstancia, prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre, y los intereses del público en general en evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial, promoviendo así la solución justa, rápida y económica de las controversias". Tomando en consideración los intereses involucrados, reiteradamente hemos resuelto que una moción de relevo al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, "no procede como remedio substituto para el recurso ordinario de revisión" —*Rodríguez v. Tribunal Superior*, 102 D.P.R. 290, 294 (1974)— ni "para corregir errores de derecho del tribunal ...". *Builders Ins. Co. v. Tribunal Superior*, 100 D.P.R. 401, 404 (1972). Véanse: *E.L.A. v. Tribunal Superior*, 86 D.P.R. 692, 698 (1962); *Banco Popular v. Tribunal Superior*, 82 D.P.R. 242 (1961).

Con relación al inciso (6) de la Regla 49.2 de Procedimiento Civil, *supra*, específicamente hemos resuelto que éste "no es una llave maestra para abrir a capricho un pleito ya adjudicado ...". *Sucn. Bravo v. Srio. de Hacienda*, 106 D.P.R. 672, 675 (1978). Sin embargo, y a manera de excepción, al amparo de este inciso se permite "que se corrija un error a todas luces injusto". Íd.

Veamos cuándo es que amerita concederse esa excepción. En el caso de *Sucn. Bravo v. Srio. de Hacienda*, *supra*, se trataba de una solicitud de reintegro hecha inicialmente por la vía administrativa, por parte de una sucesión, en la cual se alegaba que la contribución sobre herencia había sido impuesta erróneamente sobre unos

bienes privativos. Mediante carta no certificada, el Departamento de Hacienda (Hacienda) reiteró su posición de que los bienes eran de carácter ganancial. Se trataba de un dividendo pagado en acciones. La sucesión contestó la comunicación de Hacienda; insistió en que los bienes eran privativos. Hacienda contestó, también por carta no certificada, e indicó que luego de estudiar la ley y la jurisprudencia aplicables tenía dudas sobre la procedencia del reintegro y que la adjudicación de la solicitud de la sucesión debía ser hecha por un tribunal. Ante esta situación, la sucesión presentó demanda de solicitud de reintegro ante el Tribunal Superior. Seis (6) años más tarde, el tribunal dictó sentencia mediante la cual reconoció que los dividendos en acciones no eran privativos, pero desestimó la demanda por falta de jurisdicción. Sostuvo que el término de treinta (30) días para presentar la demanda comenzaba a correr desde que la sucesión recibió la primera notificación de Hacienda en la cual se le denegaba el reintegro. La sucesión no recurrió de esta sentencia.

Aproximadamente cinco (5) meses más tarde, la sucesión presentó una moción de relevo al amparo de la Regla 49.2(6) de Procedimiento Civil, *supra*. El tribunal la denegó. Expedimos el auto, revocamos y concedimos el relevo. Ahora bien, al resolver que según las circunstancias específicas de ese caso procedía el relevo de sentencia al amparo de lo dispuesto en el inciso (6) de la citada Regla 49.2, hicimos hincapié en el hecho de que tanto el tribunal como Hacienda se habían equivocado y que como cuestión de derecho procedía el reintegro solicitado. El tribunal erró al determinar que no tenía jurisdicción, y Hacienda al resolver que los dividendos en acciones no eran privativos.

De otra parte, en *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61, 73 (1987), se trataba de una acción de alimentos de menores. Allí, al conceder el relevo al amparo del inciso (6) de la Regla 49.2 de Procedimiento Civil, *supra*, recalcamos el hecho de que los alimentos de menores están reves-

tidos del más alto interés público, "que los dictámenes sobre pensión alimenticia siempre están sujetos a cambio ... [y] que si [en ese caso] impidiéramos el uso de este vehículo procesal y permitiéramos que subsistiera la orden del tribunal ... los principalmente perjudicados serían los tres (3) hijos menores de las partes, quienes ni siquiera fueron partes propiamente en el proceso". *Negrón Rivera y Bonilla, Ex parte*, supra.

En el caso de autos transcurrieron ocho (8) meses desde el emplazamiento de la codemandada Gelabert Álvarez hasta la fecha en que se le notificó la sentencia en rebeldía. Luego ésta, en vez de diligentemente solicitar la reconsideración y el relevo de sentencia, dejó transcurrir tres y medio (3 1/2) meses más antes de comparecer y solicitar el relevo de sentencia al amparo del inciso (6) de la Regla 49.2 de Procedimiento Civil, *supra*. Cuando esta solicitud fue denegada, tardó dos (2) meses en recurrir ante nos para solicitar la revocación. Estos hechos reflejan una gran falta de diligencia de parte de la peticionaria, la cual contrasta con la diligencia desplegada por el Banco demandante. En la moción de relevo se limitó a alegar que la deuda asumida por su esposo, el codemandado Faccio Laboy, fue para su propio beneficio y el de la Corporación Feria Development Corp., y que ni ella ni la sociedad de bienes gananciales se beneficiaron.[2]

Con relación a los méritos de las defensas planteadas por las demandadas peticionarias, cabe señalar que en *WRC Props., Inc. v. Santana*, 116 D.P.R. 127, 135 (1985), expresamos los criterios siguientes para fijar la responsabilidad de la sociedad de bienes gananciales por obligaciones contraídas mediante actos unilaterales por parte de uno (1) de los cónyuges:

---

[2] En el escrito de *certiorari*, adujo dos (2) razones adicionales: (1) que la demanda no establecía una reclamación contra la sociedad de bienes gananciales, y (2) que el pagaré sometido en evidencia constituía prueba de referencia.

...(1) la deuda u obligación debe servir a un interés de la familia y no estar predicada en un ánimo fraudulento u oculto de perjudicar a uno de los cónyuges; (2) la carga de la prueba reposa en el cónyuge o la sociedad de gananciales que niegue responsabilidad. Esa carga puede invertirse con facilidad "[s]i tal cónyuge demuestra prima facie no haber recibido beneficio alguno de la obligación contraída, entre otros casos, se invierte la prueba", y (3) una vez controvertida la presunción, la responsabilidad de la sociedad legal de gananciales es subsidiaria, previa excusión de bienes conforme lo dispuesto en el Art. 1310 del Código Civil, 31 L.P.R.A. sec. 3663.

Sólo en los casos cuando el acreedor está consciente de la existencia de la sociedad de bienes gananciales y no exige la firma de ambos cónyuges, es que sus propios actos le impiden dirigir su reclamación contra dicha entidad conyugal y el cónyuge que no firmó. *WRC Props., Inc. v. Santana*, supra, pág. 136. Claro está, tampoco se puede dirigir la acción de cobro en su carácter personal contra el cónyuge que no firmó.

En este caso, se demandó también al cónyuge firmante y el tribunal dictó sentencia en rebeldía contra éste y las aquí peticionarias para que respondieran solidariamente del pago de la deuda. El demandado Faccio Laboy no solicitó relevo de sentencia ni revisión, por lo tanto, en cuanto a éste la sentencia es final y firme. Esto significa que de concederse el relevo solicitado por las peticionarias y de celebrarse la vista, lo único a que tendría derecho la peticionaria Gelabert Álvarez sería a la excusión de bienes.

Cabe señalar que las peticionarias no niegan que se hizo el préstamo ni que existe la deuda. Tampoco alegan que el codemandado Faccio Laboy tuviese bienes privativos. Por lo tanto, aún cuando el foro de instancia determinase que la demanda sólo procede contra el cónyuge que firmó, el codemandado Faccio Laboy, una vez que se realice la excusión de bienes, de haber alguna, el acreedor va a poder ejecutar los bienes gananciales embargados para cobrar su acreencia porque aún en estos casos la sociedad de bienes gananciales responde subsidiariamente. En la liquidación

de la sociedad, obviamente, se concederá el crédito correspondiente a la codemandada Gelabert Álvarez.[3]

Como podrá observarse, en este caso no se dan las circunstancias extraordinarias que justificarían el que nos desviásemos de la norma general que dispone que la Regla 49.2 de Procedimiento Civil, *supra*, no puede utilizarse en sustitución del recurso ordinario de revisión ni para ampliar el término jurisdiccional establecido en las reglas para presentar una moción de reconsideración, ni para corregir errores de derecho. Lo único que se logrará con el relevo de sentencia que hoy concede la mayoría de este Tribunal es violentar la norma esbozada en la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, de que las reglas han de interpretarse de forma tal que "garanticen una solución justa, rápida y económica de todo procedimiento".

Por todo lo antes expuesto, disentimos.

---

[3] Además de lo antes señalado, el Art. 1308 del Código Civil, 31 L.P.R.A. sec. 3661, fue enmendado por la Ley Núm. 51 de 21 de mayo de 1976 para añadirle que los préstamos personales en que incurra cualquiera de los cónyuges serán de cargo de la sociedad de bienes gananciales. Conforme al historial legislativo de la Ley Núm. 51:

"... la medida brinda la suficiente garantía a las terceras personas estableciendo la presunción de que cualquier acto de administración *unilateral* de cualesquiera de los cónyuges *obligará a los bienes gananciales* y se presumirá válido a todos los efectos legales.

La medida a su vez, *faculta a ambos cónyuges a coger préstamos personales sin el consentimiento del otro, obligando dicho préstamo a la sociedad legal.* Actualmente, la mujer casada necesita el consentimiento de su marido para coger dinero a préstamo, no siendo así el caso del hombre casado." (Énfasis suplido.) Segundo informe de la Comisión de lo Jurídico Civil de la Cámara de Representantes sobre el P. de la C. 44 de 6 de mayo de 1975, 7ma Asamblea Legislativa, 3ra Sesión Ordinaria, pág. 4.