Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ADMINISTRACIÓN DE TERRENOS DE PUERTO RICO  Demandante - Recurrida  v.  RENÉ HERNÁNDEZ DEGROSS Y OTROS  Demandado - Peticionario | KLCE202301346 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Vieques  Civil núm.: N2CI201700046 N2CI201700065  Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Monge Gómez.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de enero de 2024.

El Tribunal de Primera Instancia ("TPI") rehusó dejar sin efecto la rebeldía anotada a un demandado en una demanda de desahucio y en otra de daños. Según se explica a continuación, concluimos que erró el TPI al no dejar sin efecto la rebeldía, pues la parte ha demostrado, desde los inicios de ambos pleitos, interés en defenderse y ha presentado defensas en los méritos a ambas acciones, además de que el TPI, antes de anotar la rebeldía como sanción en una de las acciones, ni apercibió a la parte sobre las potenciales consecuencias de presentar de forma tardía su contestación a la demanda enmendada ni le impuso alguna sanción menos drástica.

I.

En mayo de 2017, la Administración de Terrenos de Puerto Rico (la "Agencia") presentó una acción de desahucio en precario en contra del Sr. René Hernández Degross y su esposa. La Agencia alegó que era la titular de un terreno de aproximadamente ocho (8) cuerdas ubicado en el barrio Puerto Real de Vieques (la "Propiedad"), el cual sostiene fue invadido ilegalmente por los demandados.

El mes siguiente, el señor Hernández Degross (el "Demandado") **contestó esta demanda e interpuso una *Reconvención*.** En síntesis, alegó ser el titular de la Propiedad por usucapión. En la *Reconvención* sostuvo que adquirió la Propiedad por medio de un documento privado que se había extraviado. Además, solicitó la conversión del caso a uno ordinario por estar en controversia la titularidad de la Propiedad.

El 31 de julio, la Agencia incoó una *Segunda Demanda Enmendada* (la "Acción de Desahucio") para sustituir a un codemandado de nombre desconocido por la Sa. Lilliany Hernández Ayala, hija del Demandado. La Agencia alegó que la Sa. Hernández Ayala había actuado en común acuerdo con su progenitor para invadir la Propiedad y operar un negocio de venta de alimentos en el lugar. El Demandado se opuso a las enmiendas a la demanda.

El 22 de diciembre, notificada el 27 de diciembre, el TPI autorizó la *Segunda Demanda Enmendada* y le concedió un término de diez (10) días al Demandado para someter su alegación responsiva. Aunque bastante después del término concedido por el TPI, el **Demandado presentó una *Contestación a la Segunda Demanda Enmendada* (la "Contestación a la Acción de Desahucio") el 13 de julio de 2018**.

El 2 de agosto, la Agencia instó una *Moción Eliminatoria a la Contestación a la Segunda Demanda*. Examinadas las posturas de ambas partes, el 10 de agosto, notificada el 13 de agosto, el TPI dictó una *Orden* en la que denegó aceptar la *Contestación a la Segunda Demanda Enmendada*. Razonó que el desfile de prueba ya había comenzado en la vista celebrada el 8 de junio de 2018 y señaló la continuación de la vista. Resulta menester destacar que, a la vista de 8 de junio, **el Demandado compareció e informó que su abogado estaba enfermo**. De acuerdo con la *Minuta* que recoge las incidencias de dicha vista, según consta en los autos originales, el

TPI resolvió continuar la celebración de la vista sin el abogado del señor Hernández Degross.

Sin embargo, durante una vista celebrada el **30 de noviembre de 2018**, el TPI concluyó que el pleito **no** debía continuar de manera sumaria. Según consta en la *Minuta* correspondiente, **el TPI reconoció que erró "al no convertir el procedimiento en ordinario** desde un principio" y determinó que, "para evitar un fracaso en la justicia y para que las partes tengan la oportunidad de descubrir prueba, se debía paralizar el caso, **abrir el periodo de descubrimiento de prueba** y celebrar un juicio en su fondo." (Énfasis suplido).

En desacuerdo, la Agencia interpuso un recurso de *certiorari* (KLCE201900010), mas este Tribunal denegó expedir el auto solicitado mediante una *Resolución* de 17 de enero de 2020.

Mientras tanto, el Demandado solicitó la consolidación de la Acción de Desahucio con otra acción sobre daños y perjuicios que la Agencia presentó contra el Demandado (N2CI201700065, o la "Acción de Daños"; en conjunto con la Acción de Desahucio, "Ambas Acciones").[1] Mediante una *Orden* notificada el 10 de enero de 2019, el TPI denegó, "por el momento", la solicitud de consolidación. Asimismo, en igual fecha denegó, "por el momento", una reconsideración presentada por el Demandado en cuanto a la denegatoria del TPI de aceptar la Contestación a la Acción de Desahucio.

Mientras tanto, en cuanto a la Acción de Daños, en lo pertinente, el TPI le anotó la rebeldía al Demandado en junio de 2018, por este no haber contestado la demanda oportunamente. No obstante, en agosto del mismo año, el Demandado, a través de su

---

[1] Esta otra acción fue presentada en julio de 2017 por la Agencia en contra del Demandado; se alegó que lo actuado por el Demandado, al apropiarse de la Propiedad, le había impedido a la Agencia formalizar un acuerdo con Sunbay Company Inc. relacionado con un proyecto de desarrollo de un hotel ecoturístico.

entonces abogado, le solicitó al TPI que dejara sin efecto dicha anotación. Arguyó que no había contestado la Acción de Daños por "error o inadvertencia", pues "pensaba" que solo se había presentado una demanda en su contra (la de desahucio). Aseveró tener una "buena y válida defensa", pues sostuvo haber adquirido la Propiedad mediante usucapión. El TPI denegó la solicitud del Demandado. Posteriormente, en varias ocasiones, el Demandado solicitó nuevamente al TPI que dejara sin efecto la referida anotación de rebeldía, pero no prevaleció.

Regresando a la Acción de Desahucio, al cabo de varios incidentes procesales, el 26 de febrero de 2021, el TPI celebró una vista a la cual el Demandado compareció sin representación legal. Aseveró que su representante legal anterior había renunciado sin su conocimiento. También informó que fue intervenido quirúrgicamente y estuvo en descanso desde septiembre de 2020 hasta enero de 2021. Añadió que se le hacía muy difícil conseguir abogado porque debía primero reunir dinero.

En esa ocasión es que, **por primera vez, el TPI le informa al Demandado que está "en rebeldía ya que nunca ha contestado la demanda, pero que tenía derecho a contrainterrogar en el proceso"**. La *Minuta* fue notificada el 3 de marzo de 2021.

Subsecuentemente, el 28 de julio, el Demandando presentó una *Moción para Asumir Representación Legal y Solicitando Término para Presentar Alegación*. El 2 de agosto, notificada el 4 de agosto, el TPI dictó una *Orden* en la que aceptó la nueva representación legal del Demandado; no obstante, en cuanto a la presentación de una alegación responsiva, el TPI dispuso que ya se le había anotado la rebeldía.

El 26 de agosto, el Demandado presentó una *Moción en Torno a Orden*. De entrada, advirtió que del expediente no surgía una anotación de rebeldía. Añadió que la *Contestación a Segunda*

*Demanda Enmendada* se había presentado el 13 de julio de 2018. Planteó que, aunque la Agencia solicitó su eliminación, bajo el fundamento de que en pleitos de desahucio sumario no procede un planteamiento de prescripción adquisitiva, posteriormente el TPI había convertido el pleito a ordinario.

Mediante una *Orden* notificada el 15 de noviembre, el TPI denegó la *Moción en Torno a Orden* del Demandado. El 28 de enero de 2022, el Demandado instó un recurso de *certiorari* (KLCE202200107) ante este Tribunal. Mediante una *Resolución* de 22 de abril, otro Panel denegó la expedición del auto de *certiorari* por entender que la solicitud del Demandado no estaba incluida entre las instancias contempladas por la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, en torno a la revisión de dictámenes interlocutorios en casos civiles.

El 22 de septiembre de 2023, el Demandado presentó un escrito (la "Moción"), mediante el cual, en lo pertinente, solicitó al TPI que **dejara sin efecto la rebeldía que se le anotó en Ambas Acciones** y que admitiera la Contestación a la Acción de Daños.

El 12 de octubre de 2023, el TPI notificó una *Resolución* (la "Resolución") en la que denegó dejar sin efecto la rebeldía anotada al Demandado en Ambas Acciones. El TPI razonó que el Demandado no había expuesto causa alguna que justificara levantarle la rebeldía. Además, dio por admitidas las alegaciones de la Agencia y le adjudicó la titularidad de la Propiedad. Determinó que únicamente restaba celebrar una vista en su fondo en la Acción de Daños. Aunque de los autos no surge que las demandas de referencia se hayan consolidado[2], el TPI emitió la Resolución en Ambas Acciones, con un mismo epígrafe.

---

[2] Una Minuta de una vista del 22 de septiembre de 2023 incorpora Ambas Acciones en el epígrafe; específicamente, se consignó que ambos casos estarían "unidos" ("NSCI201700046 unido al N2CI201700065").

El 27 de octubre, el Demandado solicitó la reconsideración de la Resolución; insistió en que el TPI debía dejar sin efecto las anotaciones de rebeldía en Ambas Acciones. Subrayó que, ese mismo día, había presentado una contestación a la Acción de Daños (junto a una reconvención). El TPI denegó esta solicitud mediante un dictamen notificado el 31 de octubre.

En desacuerdo, el 30 de noviembre, el Demandado interpuso el recurso de referencia; sostiene que el TPI cometió los siguientes cuatro (4) errores:

A. Erró el Honorable Tribunal de Primera Instancia al no resolver en el caso N2CI201700046 de Desahucio, que la anotación de rebeldía al Demandado-Recurrente no fue válida en derecho, por no cumplir con los requisitos de notificación requeridos por el debido proceso de ley; y estando pendiente de resolverse una Solicitud de Reconsideración para que se admitiera la alegación responsiva.

B. Erró el Honorable Tribunal de Primera Instancia al determinar que la parte Demandada-Recurrente no adujo causa alguna que justifique que se levante la anotación de rebeldía en ambos pleitos, a tenor con lo dispuesto en las Reglas 45.3 y 49.2 de las de Procedimiento Civil.

C. Erró el Honorable Tribunal de Primera Instancia al no admitir la <u>Contestación a Segunda Demanda Enmendada</u> en el caso de desahucio, al no resolver la Moción de Reconsideración del 4 de febrero de 2019 y al no permitirle a la parte Demandada-Recurrente descubrir su prueba, luego de que el mismo TPI mediante Resolución, convirtiera el caso de Desahucio sumario en uno ordinario.

D. Erró el Honorable Tribunal de Primera Instancia al no dar por contestada la demanda en el caso de Daños con las alegaciones presentadas en el caso de Desahucio, siendo el caso de Daños accesorio y contingente al de Desahucio.

Luego de que le ordenáramos a la Agencia mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la Resolución, dicha entidad compareció[3]. En esencia, planteó que el

---

[3] La Agencia solicitó la desestimación del recurso porque su apéndice carecía de ciertos documentos. Hemos determinado denegar esta solicitud, pues la norma es clara a los efectos de que la omisión de documentos en el apéndice no necesariamente conlleva la desestimación de un recurso. Véanse, por ejemplo, Reglas 12.1 y 34(E)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 12.1 y

Demandado pretende, de forma tardía, relitigar las anotaciones de rebeldía, las cuales adujo ya son "final[es] y firme[s]".  Arguyó que estos asuntos no debían "relitigar[se] … de forma indefinida". Resolvemos.

II.

El TPI puede anotar la rebeldía cuando una parte "haya dejado de presentar alegaciones o de defenderse en otra forma …". 32 LPRA Ap. V, R. 45.1; véanse, además, *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93 (2001); *Vélez v. Boy Scouts of America,* 145 DPR 534 (1998); *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809 (1978); *J.R.T. v. Missy Mfg. Corp.,* 99 DPR 805 (1971).  El propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación.  La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).

Al respecto, la Regla 45.1 de las de Procedimiento Civil, *supra*, dispone como sigue:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

---

34(E)(2).  Contando con los autos en ambos casos, estamos en posición de resolver informadamente.

Ahora bien, la Regla 45.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, autoriza al tribunal a dejar sin efecto una anotación de rebeldía por "causa justificada". La concesión de un relevo, en este contexto, es discrecional.

Al determinar si debe dejarse sin efecto la anotación de rebeldía, el tribunal debe tomar en cuenta: (a) si el peticionario tiene una buena defensa en los méritos; (b) el tiempo que media entre el dictamen y la solicitud de relevo; (c) y el grado de perjuicio que pueda ocasionarse a la parte contraria. *Neptune Packing Corp. v. Wakenhut,* 120 DPR 283, 294 (1988).

**La Regla 45.3,** *supra,* **se interpreta de manera liberal, para tratar de brindarle a la parte su día en corte**. *Rivera Figueroa,* 183 DPR a la pág. 591-592; *Banco Central v. Gelabert Álvarez,* 131 DPR 1005 (1992); *Neptune Packing Corp.,* supra. De conformidad, cualquier duda al respecto debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía. *Rivera Figueroa,* 183 DPR a la pág. 592; *J.R.T. v. Missy Mfg. Corp.,* 99 DPR 805, 811 (1971); *Diaz v. Tribunal,* 93 DPR 79, 87 (1966); *Banco Central,* 131 DPR a la pág. 1007. Ello por lo "oneroso y drástico que resulta" sobre la parte afectada una anotación de rebeldía. *J.R.T., supra.*

En fin, privar a un litigante de su día en corte es procedente únicamente en "casos extremos", cuando "no hay duda de la falta de diligencia de la parte contra quien se toma la sanción." *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 819 (1986) (validando desestimación ante "crasa dejadez y falta de diligencia").

Es importante subrayar que **la razón por la cual ocurrió el incumplimiento que generó la anotación de rebeldía es solamente uno de los factores a considerar**. De hecho, aun cuando no exista una debida justificación para no haber contestado una demanda, ello, de por sí, no es necesariamente "determinante", sino que la decisión deberá responder a un análisis integral de todas

las "circunstancias del caso", incluyendo, en particular, el "factor clave" de si existen defensas que "podrían ser meritorias". *Banco Central*, 131 DPR a la pág. 1007; *Román Díaz v. Díaz Rifas*, 113 DPR 500, 506 (1982); *J.R.T.*, 99 DPR a la pág. 809.

### III.

Como regla general, los tribunales están obligados a desalentar la práctica de falta de diligencia e incumplimiento con las órdenes del tribunal mediante su efectiva, pronta y oportuna intervención. *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 298 (2012); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 814 (1986); *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982); *Sánchez Rodríguez v. Adm. De Corrección,* 177 DPR 714, 720-721 (2009).

No obstante, la aplicación de sanciones severas, como la desestimación de una demanda, o la anotación de rebeldía, por falta de diligencia, debe atemperarse frente a la política pública de que los casos se ventilen en sus méritos. El uso desmesurado de este tipo de sanción puede vulnerar el propósito que persiguen los tribunales, que es impartir justicia. *Sánchez Rodríguez,* 177 DPR a las págs. 720-721; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 864 (2005). La imposición de estas sanciones solo procede cuando la "conducta de la parte sancionada ha sido contumaz o de mala fe". *Valentín v. Municipio de Añasco,* 145 DPR 887 (1998) (resolviendo que "la medida severa de excluir del juicio el testimonio de un testigo crucial" es "análoga a la medida extrema de la desestimación").

Así pues, este tipo de sanción debe estar reservada para aquellas situaciones donde no exista duda sobre la falta de interés o contumacia de la parte, y se hayan agotado otras alternativas para castigar su incumplimiento procesal, en particular, la imposición de sanciones económicas. *Mun. de Arecibo v. Almac. Yakima,* 154 DPR

217, 222-223 (2001); *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 674 (1989); *Dávila,* 117 DPR a la pág. 814.

Así, cuando se trate de un primer incumplimiento, una severa sanción (como la desestimación de una demanda o la anotación de rebeldía) sólo procederá después que el tribunal haya apercibido a la representación legal de la parte de la situación y se le haya concedido la oportunidad para responder. Si ello no funciona, el tribunal impondrá sanciones al abogado o abogada de la parte y notificará directamente a la parte sobre la situación. *In re Vega Quintana,* 188 DPR 536, 544 (2013); *Sánchez Rodríguez,* 177 DPR a la pág. 721; *Mun. de Arecibo,* 154 DPR a la pág. 222.

Así pues, el Tribunal, previo a imponer una sanción extrema, debe apercibir a la parte de la posible consecuencia de la dejadez y debe asegurarse de que, en efecto, existe tal abandono de su interés sobre el caso. *Íd.* Igualmente, el Tribunal debe brindar oportunidad para que las partes se expresen al respecto. *Íd,* a la pág. 223. De expresarse las partes, el Tribunal practicará un balance de intereses entre su necesidad de resolver diligentemente los casos ante sí y el perjuicio, si alguno, que la dilación haya provocado al demandado. *Íd.*

IV.

Concluimos que, a raíz de la Moción, el TPI debió dejar sin efecto la anotación de rebeldía al Demandado en Ambas Acciones. Veamos.

En cuanto a la Acción de Desahucio, tomamos en consideración las siguientes circunstancias. Primero, la anotación de rebeldía no se notificó por escrito al Demandado hasta marzo de 2021, varios años después de que el Demandado intentase contestar la demanda, sin que el TPI aceptase la misma.

Segundo, el Demandado contestó la demanda inicial (e interpuso una reconvención), y se ha mantenido litigando

activamente, por lo cual no estamos ante un caso de contumacia o mala fe. De hecho, aunque de forma tardía, el Demandado contestó la Segunda Demanda Enmendada a mediados de 2018. Tercero, en todo momento el Demandado ha alegado que tiene una buena defensa en los méritos (usucapión).

Cuarto, la determinación inicial del TPI, a mediados de 2018, de no aceptar la Contestación a la Acción de Desahucio, respondió a la naturaleza sumaria de la acción en aquel momento. No obstante, unos meses luego, a finales de 2018, el TPI convirtió la acción a una ordinaria y ordenó a las partes iniciar el descubrimiento de prueba, por lo que, desde ese momento, perdió su razón de ser el mantenerse en la negativa a aceptar la Contestación a la Acción de Desahucio.

Quinto, antes de sancionar al Demandado con una anotación de rebeldía por haber contestado la Demanda de forma tardía, el TPI no apercibió al Demandado sobre la posible imposición de sanciones por el incumplimiento con las órdenes del tribunal, ni tampoco recurrió a la imposición de sanciones menos onerosas (económicas, por ejemplo). *Valentín,* 145 DPR a las pág. 896; *Maldonado Ortiz v. Secretario de Recursos Naturales,* 113 DPR 494, 498 (1982).

Sexto, la Agencia no ha demostrado que sufriría perjuicio indebido alguno de dejarse sin efecto la rebeldía anotada al Demandado. Finalmente, el negarse a dejar sin efecto la anotación de rebeldía es contrario a la política pública prevaleciente de que los casos se ventilen en sus méritos. La anotación de rebeldía, como sanción, por su severidad, únicamente debe utilizarse cuando otras medidas u órdenes no logran que la parte demandada cumpla con sus obligaciones. Es por ello que, al evaluar una solicitud para dejar sin efecto una anotación de rebeldía, cualquier duda debe resolverse a favor del promovente. Véase, *Rivera Figueroa, supra*; *Neptune Packing Corp., supra*; *Díaz, supra.*

En cuanto a la anotación de rebeldía en la Acción de Daños, la situación, en lo esencial, es similar, aunque no idéntica. Ciertamente, el TPI actuó correctamente al anotarle la rebeldía al Demandado en junio de 2018, pues este no había contestado la Acción de Daños oportunamente.

No obstante, el TPI debió dejar sin efecto la rebeldía anotada. Primero, el Demandado ha planteado que tiene una buena defensa en los méritos (usucapión). Segundo, en agosto de 2018 (poco después de anotada la rebeldía), el Demandado solicitó que se dejara sin efecto lo actuado al respecto; planteó que no había contestado la Acción de Daños por un "error o inadvertencia". De hecho, los autos demuestran que el Demandado se ha mantenido, en términos generales, litigando activamente en Ambas Acciones con una diligencia razonable. Tercero, la Agencia no ha demostrado que sufriría un perjuicio indebido si se deja sin efecto la anotación de rebeldía.

Por otro lado, y contrario a lo planteado por la Agencia, la doctrina de la ley del caso no impedía que el TPI declarara con lugar la Moción y, así, dejara sin efecto la rebeldía anotada al Demandado en Ambas Acciones. Ello pues, como se explica a continuación: (i) mientras un caso esté pendiente, el TPI siempre tiene la autoridad de reconsiderar o variar una determinación anterior, particularmente cuando, como se explicó arriba, mantener la misma provocaría la perpetuación de un error y un resultado injusto; (ii) este Tribunal en ningún momento ha emitido una determinación que vincule al TPI en cuanto a los asuntos objeto de la Moción porque únicamente se ha limitado a denegar la expedición de los autos de *certiorari* solicitados.

De conformidad con la doctrina de la ley del caso, "las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa deben usualmente respetarse como finales"

para que las partes puedan continuar el pleito conforme a determinaciones judiciales confiables y certeras. *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599, 606-609 (2000).

No obstante, esta doctrina no constituye un "mandato invariable o inflexible", sino que "recoge una costumbre deseable: las controversias sometidas, litigadas y decididas por un tribunal ... deben usualmente respetarse como finales." *Mgmt. Adm. Servs. Corp.,* 152 DPR a la pág. 607. Es decir, la doctrina no constituye un "límite al poder de los tribunales". *Mgmt. Adm. Servs. Corp.*, 152 DPR a la pág. 608.

La doctrina está "al servicio de la justicia, no la injusticia; no es férrea ni de aplicación absoluta". *Íd.* (citando *Noriega v. Gobernador*, 130 DPR 919, 931 (1992)). **Cuando la aplicación inflexible de dicha doctrina pueda causar una gran injusticia, o el tribunal quede convencido de que sus pronunciamientos fueron erróneos, se puede re-visitar lo anteriormente adjudicado**. *Mgmt. Adm. Servs. Corp.*, 152 DPR a la pág. 608.

Por otra parte, la norma es que el TPI tiene autoridad, ya sea por iniciativa propia o a petición de parte, para reconsiderar una anterior decisión, ya sea esta final o interlocutoria. *Torres Cruz v. Municipio*, 103 DPR 217 (1975) (resolviendo que TPI debió reconsiderar decisión anterior mediante la cual se había denegado autorizar una demanda contra terceros); *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755 (1992) (TPI puede reconsiderar dictamen interlocutorio aun luego de expirado el término para reconsiderar e, incluso, luego de que dicho dictamen inicial fuese objeto de una petición de *certiorari* que el Tribunal Supremo denegó); *Mgmt. Adm. Servs. Corp.*, 152 DPR a las págs. 606-609 (2000) (ley del caso aplica únicamente a dictámenes firmes, y el TPI "no queda atado por sus determinaciones interlocutorias, aun cuando éstas no hayan sido objeto de reconsideración o revisión) (énfasis suprimido).

Por supuesto, la autoridad del TPI para reconsiderar un dictamen, sea final o interlocutorio, tiene que ejercerse mientras dicho foro todavía tiene jurisdicción sobre el caso, es decir, antes de que se emita una sentencia y la misma advenga final y firme. *El Mundo, Inc. v. Tribunal*, 92 DPR 791, 800-802 (1965) (resolviendo que TPI tenía autoridad para reconsiderar sentencia final a pesar de que la moción de reconsideración había sido denegada de plano, ello pues, al reconsiderarse, la sentencia no era final y firme); *Lagares v. ELA*, 144 DPR 601, 613 (1997) (tribunal "conserva la facultad para reexaminar" una decisión "siempre que tenga jurisdicción sobre el caso", aun cuando moción de reconsideración se notifique luego del término aplicable); véanse, además, *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 807 (tribunal tiene "facultad" para "reconsiderar sus determinaciones *motu proprio*, siempre que tenga[] jurisdicción para hacerlo"); *Mgmt. Adm. Servs.*, 152 DPR a la pág. 606; *Dumont v. Inmobiliaria Estado, Inc.*, 113 DPR 406, 413 (1982).

Aquí, por las razones arriba expuestas, la doctrina de la ley del caso no impedía que el TPI reconsiderara su anterior postura en cuanto a las anotaciones de rebeldía impuestas al Demandado. El TPI podía y debía reconsiderar su postura anterior, pues la aplicación de la doctrina de ley del caso está "al servicio de la justicia, no la injusticia; no es férrea ni de aplicación absoluta". *Mgmt. Adm. Servs. Corp.*, 152 DPR a la pág. 608 (citando *Noriega v. Gobernador*, 130 DPR 919, 931 (1992)). Adviértase que, al menos desde noviembre de 2018 (cuando se convirtió el caso de desahucio a ordinario), es patente el error del TPI de no haber dejado sin efecto la rebeldía anotada en Ambas Acciones.

Por otro lado, la norma es que, cuando este Tribunal declina expedir un auto de *certiorari*, ello no equivale a una adjudicación en los méritos; por el contrario, responde al ejercicio de una facultad discrecional del Tribunal. *Vélez Rosario v. Class Sánchez*, 198 DPR

870, 878 (2017); véase, además, *García v. Padró,* 165 DPR 324, 336 (2005). Por consiguiente, la denegatoria de los recursos de *certiorari* previamente presentados por las partes no obligaba al TPI en cuanto a la adjudicación de la Moción.

Ante todo lo anterior, y considerando además la política pública y judicial imperante que favorece la dilucidación de los casos en sus méritos, *Maldonado Ortiz v. Secretario de Recursos Naturales, Íd.; Valentín,* 145 DPR a la pág. 897*; Rivera et. al. v. Superior Pkg., Inc. et. al.,* 132 DPR 115, 124 (1992), concluimos que erró el TPI al negarse a dejar sin efecto las anotaciones de rebeldía impuestas al Demandado en los casos de referencia.

V.

Por los fundamentos que anteceden, se expide el auto de *certiorari,* se revoca la *Resolución* recurrida y se devuelven los casos al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí dispuesto y resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones