Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (OATA-2025-016)[1]

| | | |
|---|---|---|
| LUZ MARÍA GONZÁLEZ GONZÁLEZ<br><br>Peticionaria<br><br>v.<br><br>ANGELI FLORES Y OTROS<br><br>Recurrida | KLCE202401383 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>SL2023CV00135<br><br>Sobre:<br>División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2025.

Comparecen la señora Luz María González González, el señor Miguel Flores González, la señora Idalia Flores González y el señor James Flores González (conjuntamente, "peticionarios") vía *certiorari* y solicitan que revoquemos la Orden del Tribunal de Primera Instancia, Sala Superior de Caguas, emitida el 5 de diciembre de 2024. En dicho dictamen, se resolvió sin lugar la solicitud de reconsideración y de relevo de sentencia de los peticionarios. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, el caso de epígrafe trata de una demanda de división o liquidación de una comunidad de bienes hereditarios. Según el expediente, el señor Ernesto Flores Martínez (señor Flores Martínez o

---

[1] Debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, mediante la OATA-2025-016, se modificó la integración del Panel en el recurso de epígrafe.

causante) falleció el 14 de septiembre de 2020, sin haber otorgado testamento. Mediante distintas resoluciones, el foro primario declaró herederos universales del causante a la mayoría de los peticionarios, el señor Ernesto Jr. Flores Martínez y la señora Angeli Marie Flores, además de determinarse que la señora Luz María González, madre del señor Ernesto Jr. Flores Martínez, es única y universal heredera de este posterior a su fallecimiento. El inventario del causante incluyó (1) un bien inmueble en el Barrio Cayaguas de San Lorenzo; (2) otro bien inmueble en el Barrio Espino de San Lorenzo; (3) un segundo bien inmueble radicada en el Barrio Espino de San Lorenzo; y (4) una cuenta de depósito en Banco Popular de Puerto Rico.

A base de un alegado incumplimiento Angeli Marie Flores (señora Flores o recurrida) en cuanto a la partición de la herencia, los peticionarios presentaron demanda para que el foro primario (1) ordene la división y partición de la comunidad hereditaria; (2) imponga una suma no menor de dos mil ($2,000.00) dólares de costas, gastos y honorarios de abogados contra la señora Flores; y (3) consigne el sobrante de la porción correspondiente a la recurrida en el Tribunal, así como cualquier otro pronunciamiento que a tenor con la ley y el derecho proceda. Posteriormente, los peticionarios presentaron enmendaron la demanda a los fines de incluir la deuda de un vehículo que surgía del relevo de herencia expedido por el Departamento de Hacienda.

Luego de la recurrida ser emplazada mediante edicto y ser anotada su rebeldía, el 18 de junio de 2024 el foro primario determinó que las partes heredan lo siguiente: (1) el señor James Flores González hereda el veinte (20%) por ciento del caudal relicto; (2) la señora Idalia

Flores González hereda el veinte (20%) por ciento; (3) la señora González González hereda el cuarenta (40%) por ciento, sin incluir el cincuenta (50%) por ciento de participación que esta tiene en los bienes inmuebles; y (4) la señora Marie Flores hereda el veinte (20%) por ciento. Por tanto, el foro primario autorizó la venta de las propiedades y ordenó que un alguacil compareciera en representación de la parte demandada en el proceso de compraventa de dichos bienes hereditarios. Además, el foro primario ordenó que el producto de las ventas de cualquier inmueble, así como la totalidad del dinero de las cuentas de depósito Banco Popular, fueran consignados en el tribunal y que la señora Angeli Marie Flores pagara dos mil quinientos ($2,500.00) dólares por concepto de costas y honorarios de abogados con cargo a la porción de los bienes correspondientes a esta en el caudal relicto.

Posterior a la notificación por edicto de la *Sentencia* y el respectivo mandamiento, se consignaron (1) cuarenta mil seiscientos ochenta y seis dólares con cuarenta y dos centavos ($40,686.42) de la cuenta de depósito del causante, y (2) noventa y ocho mil ($98,000.00) dólares como producto de la venta del inmueble sito en Barrio Cayaguas, San Lorenzo. Ante estas consignaciones, los peticionarios presentaron una *Moción Otras: En Solicitud de Enmienda a Cuaderno Particional, Partición Parcial, y Adjudicación, Desembolso de Fondos* y en la cual solicitaron la partición parcial de los fondos consignados en el Tribunal conforme al *Documento Privado de Enmienda a Cuaderno Particional, Partición Parcial y Adjudicación*. Además, los peticionarios informaron que quedaba un solo inmueble a venderse, ya que la tercera propiedad se mantendría como la residencia principal de la señora Luz González González.

El 9 de septiembre de 2024, el Tribunal de Primera Instancia, *motu proprio*, emite una *Sentencia Enmendada* a los fines de añadir (1) la frase "o del precio de venta" a la valoración de los inmuebles; (2) que la señora Luz González González tiene una participación de un cincuenta (50%) por ciento en los inmuebles sujetos a partición; y (3) que esta misma tiene un crédito de mil trescientos cincuenta ($1,350.00) dólares en concepto de servicios legales satisfechos, los cuales debieron ser satisfechos en partes iguales por los restantes herederos. Asimismo, el foro primario eliminó los honorarios de abogado concedidos en la *Sentencia* original sin dar explicación alguna.

Poco después, los peticionarios solicitaron la partición parcial y el desembolso de los fondos, y enfatizaron que completaron el proceso de consignación de fondos. Luego del foro primario resolver sin lugar a la anterior petición por la *Sentencia Enmendada* todavía no haber advenido final y firme, la parte peticionaria presentó una *Moción para que se Declare Sentencia Final y Firme; Solicitud para que se Dicte Orden para Desembolso de Fondos* el 18 de octubre de 2024 y en la cual, una vez más, informan que completaron el proceso de consignación de los fondos. A razón de esta moción, el foro primario la declaró ha lugar mediante una *Orden* emitida el 23 de octubre de 2024 y notificada el 31 de octubre de 2024. En dicha *Orden*, el foro primario también determinó que la Unidad de Cuentas deberá emitir los siguientes cheques: (1) al señor James Flores González por la cantidad de diecisiete mil novecientos treinta y siete dólares con veinte ocho centavos ($17,937.28); (2) a la señora Idalia Flores González por la cantidad de diecisiete mil novecientos treinta y siete dólares con veinte ocho centavos ($17,937.28); y (3) a la señora Luz María González

González por la cantidad de ochenta y cuatro mil ochocientos setenta y cuatro dólares con cincuenta y siete centavos ($84,874.57). Tales desembolsos provienen de la suma de ciento treinta y ocho mil seiscientos ochenta y seis dólares con cuarenta y dos centavos ($138,686.42), es decir, del total del producto de la venta del primer inmueble y de la cuenta de depósito del causante.

El 24 de octubre de 2024, se consignó ciento veintisiete mil ochocientos sesenta y nueve dólares con setenta y seis centavos ($127,869.76) como producto de la venta del segundo inmueble. A esos efectos, los peticionarios presentaron una *Moción Otras Sobre Orden del Tribunal* para solicitar el desembolso de todos los fondos consignados. El 31 de octubre de 2024, además de notificar la ya referida *Orden* de desembolso del 23 de octubre de 2024, el foro primario también notificó sus respuestas a las posteriores mociones de los peticionarios e hizo referencia a la mencionada *Orden* de desembolso.

Posteriormente, los peticionarios presentaron una *Moción en Solicitud de Desembolso y Retiro de Fondos* y alegaron, en resumidas cuentas, que (1) la Orden del 23 de octubre de 2024 no consideró el pago de honorarios de abogado por dos mil quinientos ($2,500.00) dólares establecido en la *Sentencia* original; (2) el foro primario tampoco consideró los créditos aplicables sobre servicios legales realizados previo a la presentación de la demanda, por lo cual la recurrida adeuda tres mil doscientos setenta y tres dólares con cincuenta y cuatro centavos ($3,273.54) al representante legal de los peticionarios; y (3) no se consideró el cheque al Secretario de Hacienda por la cantidad de trescientos cuarenta y cinco ($345.00) dólares como

retención de No Residente sobre el 15% de la porción correspondiente de ganancia de capital a la demanda en la venta del primer inmueble.

Por todo lo anterior, el foro primario emitió una *Orden* el 22 de noviembre de 2024 y determinó que la *Sentencia Enmendada* advino final y firme; dicho dictamen se notificó el 23 de noviembre de 2024. Posteriormente, los peticionarios solicitaron reconsideración a la *Orden* del 23 de noviembre de 2024 y relevo de la *Sentencia Enmendada* al amparo de la Regla 49.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V) en sus causales de error y de cualquier razón que justifique la concesión de un remedio contra los efectos de una sentencia. El mismo foro resolvió que lo solicitado no surge de una sentencia final y firme, más que el desembolso de dinero se realizó de conformidad a la sentencia.

Insatisfecha, la parte peticionaria recurre ante este Tribunal y alega que el foro primario erró (1) al no reconsiderar su negativa de autorizar el desembolso y retiro de fondos a los herederos, consignados en el tribunal sin existir asunto pendiente en el foro sobre el asunto; (2) al no considerar la evidencia admitida en autos, adjudicando una cantidad mayor de fondos a la demandada rebelde sin aplicar los créditos contenidos en la prueba juramentada por las partes; y (3) al no considerar la moción de relevo de sentencia sobre la *Sentencia Enmendada*, donde elimina los honorarios de abogado concedidos en la sentencia original y autorizado por las partes, sin estar el asunto en controversia. La recurrida no presentó su oposición aun cuando se le dio la oportunidad.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor

jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil, *supra*; Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994 (2021) (citando Art. 670 del Código de Enjuiciamiento Civil de 1933 (32 LPRA sec. 3491); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703 (2019)). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. Véase, también, *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021) (citando a *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920 (2015); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Meléndez v. Caribbean Int'l News*, 151 DPR 649 (2000)).

Por otro lado, nuestro ordenamiento establece un mecanismo procesal para solicitar el relevo de los efectos de una sentencia, a fin de evitar que se vean frustrados los fines de justicia. Véase Regla 49.2 de Procedimiento Civil, *supra*; *Pérez Ríos et al. v. CPE*, 213 DPR 203 (2023). Específicamente, dispone que se podrá relevar a una parte o a su representante legal de una sentencia por las siguientes razones: (1) error, inadvertencia, sorpresa o negligencia excusable; (2)

descubrimiento de evidencia esencial que no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de Procedimiento Civil, *supra*; (3) fraude, falsa representación u otra conducta impropia de una parte adversa; (4) nulidad de la sentencia; (5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor; o (6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de Procedimiento Civil, *supra*. Asimismo, el relevo no limitará el poder del tribunal para (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (2) conceder un remedio a una parte que en realidad no haya sido emplazada; y (3) dejar sin efecto una sentencia por motivo de fraude al tribunal. Id.

No obstante, lo anterior, para obtener el relevo es necesario que el promovente haya sido diligente en la tramitación del caso. *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988). Particularmente, dicha diligencia debe demostrarse cuando se solicita relevo bajo la causal de (1) error, inadvertencia, sorpresa o negligencia excusable, o (2) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Id. (citando a Regla 49.2 de Procedimiento Civil de 1979 (32 LPRA Ap. III); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807 (1986)). Véase, también, Regla 49.2 de Procedimiento Civil, *supra*. El relevo no procede como remedio sustituto para el recurso ordinario de revisión o para corregir errores de derecho cometidos por el Tribunal. *Bco. Cent. Corp. v. Gelabert*

*Álvarez*, 131 DPR 1005 (1992) (citando a *Rodríguez v. Tribunal Superior*, 102 DPR 290 (1974); *Builders Ins. Co. v. Tribunal Superior*, 100 DPR 401 (1972)).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya abusado de su discreción o actuado erróneamente al resolver sin lugar a la solicitud de reconsideración y de relevo de sentencia. Del expediente se desprende que los peticionarios tuvieron oportunidad suficiente para solicitar reconsideración o apelación a lo dictaminado en la *Sentencia Enmendada* dentro del término dispuesto por ley, lo cual no hicieron oportunamente. Igualmente, para cuando estos comenzaron a solicitar el desembolso y la partición de los fondos, los peticionarios conocían que la venta del segundo inmueble no se había consignado ante el foro primario. Por tanto, ante la falta de atención a los hechos procesales de su propio pleito, más la inexistencia de alguna conducta del foro primario que amerite nuestra intervención, no vemos razón por la cual debamos evaluar los méritos de la controversia.

Por los fundamentos antes expuestos, denegamos expedir el auto de *cerciorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones